Pearson, J.
 

 We think the plaintiffs are entitled to a specific performance of the contract. The defendant says, he owns one sixth part in fee, and a life estate in 'one other sixth part, and this he is willing
 
 to convey;
 
 but he says he does notown the other shares, and, “after reasonable exertion, since he made the contract, has been unable to procure the title of the other tenants in' common, who 'are unwilling to sell” and ho is therefore unable to comply with his contract. The question is, under these circumstances, will a Court of Equity decree a specific performance, or decline to interfere and leave the plaintiff's to their remedy at law. One, 'who, for a valuable consideration, enters into an agreement, is bound in conscience to perform it. A Court of law can only give damages for a breach — this remedy is in many cases inadequate. A Court of Equity will do full justice, and, addressing itself to the conscience of the party, will require a specific performance of the agreement. This jurisdiction forms one of the great heads of equity, and in the opinion of Lord Hardwicke, “the most useful one.”
 
 Pern
 
 v.
 
 Lord Baltimore, 1
 
 Yes. 446. Nothing should prevent the exercise of this most useful and well established jurisdiction, 'but the strongest and most controlling considerations.
 
 It
 
 a husband agrees to procure his wife to join with him in a conveyance of her land, and the. wife refuses to do so, it seems by the modern cases, that a Court of Equity '■will not decree a specific performance 1
 
 Madd. ch
 
 311.
 
 Sugdenon Vendors
 
 151. There are cases, in which the husband has been confined to the Fleet, until the wife agreed to join in the conveyance ; and, in one case, the husband, alter being confined for many years, was discharged, it appearing that the wife could not be induced to make the conveyance; 5
 
 Ves.
 
 548 and 8 Fes.
 
 *212
 
 848. These cases show, with what relucTéyice Courts of Equity stand by and permit a party to deprive another of the benefit of his contract. But it has recently been held, that the Court will not interfere, upon two considerations. The vendee knew, at the time of the contract, that the husband did not own the land, and might not be able to perform his agreement; he, therefore, has no right to complain, if he is left to his remedy at law, upon its appearing, that, after a
 
 bona fide
 
 effort., the husband is not able to procure the wife’s consent. And, in the second place, because, if the husband be decreed to perform, he will compel the wife, who is under his power, to convey ; and the wife ought not to be exposed to this compulsion on the part of her husband. It may be, but upon this we give no opinion, that where the vendee knows that the vendor has not the title, and takes a bond or covenant, that a third person will be procured to make a conveyance, Equity will not decree a specific performance, if it appears that the vendor has made proper exertions to procure the conveyance from such third person ; because the first consideration, above referred to, applies with full force. As if a father, seized as tenant by the courtesy, sells in fee simple, and covenants that he will procure conveyances from his children,’when they come of age. If they refuse, after proper efforts on the part of the father, JEquity may decline to decree aspecific performance and leave the vendee to his remedy at law, this being a state of things, which he might have expected and as to which he took the chances This result would seqm to follow from the reason of the thing, but in respect to that we give no opinion upon it. No case makes such an exception to the general jurisdiction to decree specific performance, and it is only adverted to, for the purpose of illustrating the next-proposition, upon which this cause turns.
 
 Oliver v. Dix,
 
 1 Dev. & Bat. Eq. 158. If the vendee does
 
 not know,
 
 that the vendor
 
 *213
 
 lias not the title, there is then no reason, why he should n.ot be decreed to perform his agreement; and if he if put to great inconvenience and expense to enable him
 
 tc
 
 obey the decree, it will be the consequence of his own .act, and he will not be allowed to offer such an excuse for not doing justice. When a vendee seeks to rescind a contract, because of a defect of title in the vendor, the latter is allowed time to complete his title, until the hearing.
 
 Clanton
 
 v.
 
 Burgess,
 
 2 Dev. Eq. 13. As a dofectof the title will not excuse a vendee, provided it can be .made good ; upon ground of mutuality, it should not excuse a vendor. As the vendee cannot discharge himself, should the land depreciate in value, so the vendor should not be allowed to discharge himself, if the value is enhanced. In this case it does not appear, that the plaintiff, Love, knew that the defendant did not have title. The bill avers, that the defendant did have title, or did have full authority from his co-tenants to sell. The defendant denies, that he had title to the whole, and insists, that the plaintiff had notice of his want of title ; but he offers no proof of the fact, and his covenant is to convey or cause to be conveyed the whole in fee, and he admits that he has received the price of the whole. As to the averment, that he had authority from his co-tenants to sell, the defendant is entirely silent; leaving the inference that he either had such authority, or was guilty' of a fraud in receiving the price of the whole. But, if it be conceded, for the sake of argument, that this Court will not make a'decree, requiring a party to do that which it is clearly out of his power to do, as it may amount to perpetual imprisonment, there is, in this case, no sufficient allegation and no proof whatever, to raise the question. The defendant avers generally, that, after reasonable exertion, (and what amounts to it, be chooses to decide for himself,) he is unable to procure tb(e co* tenants to convey. A conscientious mau would not con
 
 *214
 
 sider this a sufficient apology for the breach of an agreement, creating no legal obligation, when offered as a reason, why a Court of Justice should not compel the performance of a legal obligation. It is mere mockery! The defendant should have set out, what he had done— what price he had offered to pay ! so that
 
 the Court
 
 might judge, whether his exertions had been “reasonable,” especially as the averment in the bill, that the value of the land had been, greatly enhanced, since- the contract, by the location of the town- of Shelby on adjoining land, creates, against him-, the strongest suspicion, and impeaches his motives by the suggestion,, that, if he has title, he refuses to perform his agreement for the sake of gain— or, if the title is outstanding, he is unwilling, to offer his co-tenants what is now a fair price. A man of proper feeling would be unwilling to avail himself of the gain, and would be willing to submit to much loss rather than violate his solemn agreement. A Court of Equity acts upon the conscience, and enforces a specific performance, and will require this unconscionable gain to be given up, or this loss to be incurred, if it be necessary to enable him to do that, which he has undertaken to do, and for which he has. received the full consideration. There must.be a decree for a conveyance to the plaintiff, Homes-by,. who is the assignee of-the other plaintiff Love, and the defendant must pay the costs.
 

 Per Curiam.
 

 Decree accordingly.