## Kepple's Appeal.

53    211
p40SC 559

1. A devise "to my son * * in trust and for the use of his heirs at law, * * to have and to hold the same during his natural life, * * but he shall in no wise * * sell or dispose of the same during his life," passed a fee.

2. The clause prohibiting alienation is void.

APPEAL from the decree of the Court of Common Pleas of *Westmoreland county*, decreeing against Clemence Kepple, specific performance of a contract with Anthony Pifer and Catharine Pifer, for the sale of a tract of land to Kepple in fee.

The contract and all the facts set out in the bill were by the answer admitted to be true; but the answer averred that the title to the land was derived to the complainants under the will of George Pifer, deceased, and the respondent feared that there could not be made to him such title as the article called for, and declaring a willingness to perform his part of the agreement, submitted himself to the judgment of the court, reserving a right of appeal.

The devise was:—"Item: I give and bequeath unto my son Anthony in trust and for the use of his heirs at law, all the residue of my farm upon which the improvements are erected, to have and to hold the same during his natural life, and to receive the rents, issues and profits of the same so long as he may live, but he shall in nowise or under any circumstances, sell, dispose of or part with the same for any purpose whatever, during his life.

"Item: I will that my son Anthony shall provide for and maintain my wife Catharine during her natural life, and to furnish her with all the necessaries and conveniences of this life, and also the necessary medicines and medical attendance in case of sickness, and at her decease to pay the funeral expenses. She, the said Catharine, to remain and have her residence in the house where we now reside, and if for any cause my wife Catharine cannot live with my son Anthony or his family, and should leave the house to reside elsewhere, then the said Anthony shall pay to my wife Catharine the sum of $40 yearly towards her support, and the said Anthony shall provide and furnish feed for a cow for the use of my wife Catharine, so long as she may see fit to keep one, or so long as she resides with him in the house; and she shall also have the use of so much of the garden as she may want to use during her stay with him, all of which bequests to my wife Catharine shall be taken and deemed to be in lieu of dower."

The court decreed that Kepple should specifically execute the agreement. From this decree he appealed, and assigned it for error in the Supreme Court.

*H. D. Foster*, for appellant.
The reporter received no argument.

[Kepple's Appeal.]

*H. P. Laird*, for appellee, cited Fearne on Rem. 4, 27; 4 Kent's Com. 215; Naglee's Appeal, 9 Casey 89; Williams *v.* Leech, 4 Id. 92; McKee *v.* McKinly, 9 Id. 92; Kuhn *v.* Newman, 2 Id. 227; Steacy *v.* Rice, 3 Id. 75.

The opinion of the court was delivered, November 8th 1866, by

STRONG, J.—We are of opinion that under the will of his father Anthony Pifer took an estate in fee simple in the tract of land which he agreed to sell to the appellant. The devise was to him in trust, and for the use of his heirs at law, to have and to hold the same during his natural life, and to receive the rents, issues and profits so long as he might live; followed by a prohibition against alienation during his life. The next succeeding clause in the will manifests a clear intention that he should have the possession of the property, and provide for the support of his mother upon it. This is a gift of an estate for life, with a remainder in fee to the heirs at law of the devisee for life. It matters not whether it was legal or equitable. If legal, so was the estate of those directed to take in contingent remainder; if equitable, the remainder was the same. Both estates therefore united, and made a fee in the first taker. The attempted restraint upon alienation is inoperative, it being beyond the power of a devisor after having created a fee simple to make it inalienable. It follows that a deed from Anthony Pifer, and his mother Catharine Pifer, will convey a perfect title, a fee simple estate in the land clear of encumbrance. The decree of the court below was therefore correct.

Decree of the Court of Common Pleas affirmed, with costs.