HARDY BROS. v. J. B. GALLOWAY.

*Deed, Limitations and Conditions—Alienation—Contracts in Restraint of.*

In a deed conveying land, the vendors "retained for themselves and their heirs and assigns the right to repurchase said land when sold," and it was further stipulated that if the vendee undertook to alien the land without giving the vendors the privilege of repurchasing, the deed was to be void: *Held,* that the reservation and condition were void, inasmuch as they, uncertain as to time and manner of performance, were repugnant to the grant and in contravention of the principle of public policy which forbids restrictions of the right of alienation.

This was a CIVIL ACTION, tried before *Connor, J.,* at the December (special) Term, 1891, of the Superior Court of PITT County.

The parties waived trial by jury and consented for the Court to find the facts and declare the law arising thereupon.

The Court found the following facts:

1. That the defendant J. T. Evans, on the 13th day of June, 1887, executed and delivered to the plaintiff his bond under seal, whereby he obliged himself to pay to the plaintiff on the 1st day of February, 1888, the sum of three hundred and twenty-five dollars, with interest at 8 per cent. from the said 13th day of June, 1887.

2. That on the said 13th day of June, 1887, the said J. T. Evans executed and delivered unto the said plaintiff a mortgage deed, whereby he conveyed to him, for the purpose of securing the payment of said bond, "one tract of land adjoining the lands of Frank Mills, John Carroll, Alfred Weathington and others, and containing fifty acres, more or less; also the lot containing one acre on which my storehouse now stands, and all improvements on said lot." That said mortgage, after being admitted to probate, was duly recorded in the office of the Register of Deeds of Pitt County.

3. That the "one-acre" lot referred to in said deed was intended and understood by the parties to said mortgage to include the lot purchased by said Evans from the defendant J. B. Galloway, and was the only lot owned by said Evans in the county of Pitt upon which the store-house of said Evans stood.

4. That no part of said bond has been paid.

5. That the defendant J. B. Galloway, and his wife, on the 22d day of October, 1884, conveyed the said one-acre or store-house lot to said J. T. Evans for and in consideration of the sum of twenty-five dollars. That in the deed conveying said lot is the following clause: "The said J. B. Galloway and wife, Alice L. Galloway, retaining for themselves and their heirs and assigns the right to repurchase said land when sold, the said Jefferson Evans conveying a title for said land either by deed or mortgage to any person without first giving J. B. Galloway and wife and their heirs and assigns the privilege of repurchasing the same, renders this deed null and void, otherwise to remain in full force." That said deed is duly recorded in Book M 4, page 374, in the office of the Register of Deeds in Pitt County. The Court finds the foregoing facts in respect to said deed from the admissions in the answer of the defendants. The defendants insisted that the plaintiff should be required to introduce the said deed, and that the ruling of the Court that the admissions in

the answer relieved the plaintiff of the necessity of doing so. The defendant J. B. Galloway duly excepted. That the defendant J. T. Evans did not, prior to the execution of said mortgage to plaintiff, notify the defendant J. B. Galloway, or his wife, of his purpose to execute the same. That said defendant J. B. Galloway, upon learning of the execution of said mortgage, entered upon the possession of the said lot for the alleged breach of the condition in the aforesaid deed, and is now in the possession thereof, claiming the same by reason of the said alleged breach. That neither at the time of making said entry, nor at any time since, has he paid or tendered, either to the plaintiff or the said J. T. Evans, the sum of twenty-five dollars or any other sum in payment for said lot. That after the purchase of the said lot from said Galloway the said Evans built a store-house thereon at a cost of three or four hundred dollars. The defendant insisted that the description of the said " one-acre" lot in the mortgage from defendant Evans to the plaintiff was fatallly defective for uncertainty.

The Court held that the description was capable of being rendered sufficiently definite by relevant testimony, and that the admission in the answer and the testimony in the cause was sufficient to enable the Court to find the facts hereinbefore set forth. Defendants excepted.

The defendant J. B. Galloway insisted that the plaintiff, having shown no deed from him to defendant Evans, was not entitled to recover as against him.

The Court held that by the admission in the answer, title was shown to be out of defendant Galloway, unless it was revested by reason of the execution of the aforesaid mortgage, and the facts hereinbefore set forth in respect thereto.

Defendant Galloway excepted.

The defendant Galloway insisted that the defendant Evans, by the execution of the mortgage to the plaintiff without giving to him the notice required in said deed, forfeited his

title, estate and interest in said one-acre lot, and that plaintiff took his mortgage with notice of the provisions in the said deed and subject to his, Galloway's, rights in respect thereto.

The Court held that the provision in said deed, whereby the said Galloway retained the right to repurchase the said lot was—

1. An undue restraint upon said Evans' right of alienation, and therefore void.

2. That treating it either as a condition annexed to the estate, or as a covenant of Evans to reconvey to said Galloway, it was void for uncertainty ; (a) no time being fixed within which it was to be performed ; (b) no price being fixed at which the lot was to be reconveyed.

3. That treating the reservation in the deed as a right to repurchase the said lot by said Galloway when sold within a reasonable time and at the improved value of the lot, the execution of the mortgage to plaintiff was not inconsistent therewith, and that the clause declaring a forfeiture if the said Evans should convey either by deed or mortgage will not be specifically enforced by the Court, especially when said Galloway has not tendered the purchase-money.

Defendant Galloway excepted.

The Court rendered the judgment, from which defendant appealed.

*Mr. J. B. Yellowley,* for plaintiffs.
No counsel, contra.

SHEPHERD, J.: Considered either as a conditional sale or a contract to reconvey, his Honor was entirely correct in holding as void for uncertainty the provision in the deed respecting the right of the grantor to repurchase the land when sold. No time is fixed for performance, nor is there any stipulation whatever as to the price to be paid.

The provision, not being a limitation, can therefore only take effect, if at all, as a condition subsequent, and viewed in this light we cannot hesitate in deciding that the restriction upon alienation attempted to be imposed after the grant of the fee, is repugnant to the nature of the estate granted, contrary to the policy of the law, and therefore inoperative. Ever since the statute of *Quia Emptores*, the right of alienation has been considered as an inseparable incident to an estate in fee (Coke on Lit., 436; Williams on R. P., 61, 62; 1 Washburn R. P., 79), and, except in some cases where the restriction is only partial, the law does not recognize or enforce any condition which would directly or indirectly limit or destroy such a privilege—*iniquum est ingenuis hominibus non esse rerum suarum alienationem.* Accordingly, it has been held by this Court that a condition that a devisee in fee shall not sell or encumber his land before attaining the age of thirty-five is void, "because it is inconsistent with the full and free enjoyment which the ownership of such an estate implies." *Twitty* v. *Camp*, Phil. Eq., 61. To the same effect has it been ruled as to a condition that a devisee in fee shall make oath "that he will not make any change during his life" in the testator's will respecting his property (*Taylor* v. *Mason*, 9 Wheat., 350), or that he shall not offer to mortgage or suffer a fine or recovery (*Ware* v. *Cann*, 10 Barn. and Cres., 433), or that he shall contract in writing not to alienate before the proceeds of certain realty are paid to him (*Mandlebaum* v. *McDonnell*, 29 Mich., 78), or that land devised to a number of persons shall not be divided. *Smith* v. *Clark*, 10 Md., 186.

Such conditions are not sustained where they "infringe upon the essential enjoyment and independent rights of property, and tend manifestly to public inconvenience." 4 Kent Com., 131; Bacon's Abr., title, Conditions; Shep. Touchstone, 131.

"A condition annexed to an estate given is a divided clause from the grant, and therefore cannot frustrate the grant precedent, neither in anything expressed nor anything implied, which is of its nature incident and inseparable from the thing granted." *Starkie* v. *Butler*, Hob., 170.

While unable to find any decision exactly in point, we feel assured that our case falls within the principle stated and illustrated by the foregoing authorities. The restriction is certainly inconsistent with the ownership of the fee as well, it would seem, as against public policy. The right to repurchase is of indefinite extent as to time (it being reserved to the grantors, their heirs or assigns), and may be exercised whenever the property is sold, although no amount is fixed upon as purchase-money. In other words, we have an estate in fee without the power to dispose of or encumber it, unless first offering it for no definite price to the grantors, their heirs or assigns. The condition is repugnant to the grant, and therefore void. Even if the right to repurchase could be sustained, the defendant has no cause of complaint, inasmuch as the Court in decreeing foreclosure has ordered that thirty days notice of the sale shall be personally served on him.

The exception to the insufficiency of the description in the mortgage from Evans to the plaintiff is plainly untenable. *Henley* v. *Wilson*, 81 N. C., 405; *Euliss* v. *McAdams*, 108 N. C., 507, and the cases cited.

Neither is there any merit in the other exception as to the refusal of the Court (considering the admissions in the answer) to require the plaintiff to introduce the deed from Galloway to Evans.

The judgment must be                         Affirmed.