ELIZABETH LATIMER v. A. M. WADDELL, Jr., et al.

*Fee-Simple Estate—Condition—Restriction upon Aliena-
tion for a Certain Time Void.*

A condition annexed to a conveyance in fee-simple, by deed or
will, preventing alienation of the estate by the grantee
within a certain period of time, is void.

CONTROVERSY without action, heard before *Coble, J.*,
at October Term, 1896, of NEW HANOVER Superior Court,
upon an agreed statement of facts, as follows :

"On the 4th day of May, 1896, the plaintiff executed a
conveyance as follows :

" This indenture, made this  4th day of May, A. D.
1886, between Elizabeth Latimer of the city of Wilming-
ton, County of New Hanover and State of North Carolina,
the party of the first part, and Ellen S. Waddell, Alfred
M. Waddell, Junior, and Elizabeth S. Waddell and Alfred
M. Waddell, Senior, husband of the said Ellen S. Waddell,
all of the city, county and State aforesaid, the parties of
the second part, witnesseth that the said Elizabeth Lati-
mer, for and in consideration of the love and affection which
she has for her sister, the said Ellen S. Waddell, and her
nephew, the said Alfred M. Waddell, Junior, and her niece,
the said Elizabeth S. Waddell, and for and in consideration
of the sum of one dollar  to her in hand paid by the said
Alfred M. Waddell, husband of the said Ellen S. Waddell,
by these presents does give, grant, alien, enfeoff and confirm
all that certain lot, piece or parcel of land situate, lying
and being in said city of Wilmington and bounded and
described as follows, viz.: Beginning on the west side of
Third street, between Orange and Ann  streets, at the
northeast corner of  the lot belonging to Henry M. Pars-
ley, and running  thence  westwardly and at right angles

to Third street sixty-six (66) feet, thence southwardly fourteen (14) feet, thence westwardly and parallel to Ann street twenty-nine (29) feet, thence northwardly and parallel to Third street fifty-four (54) feet six inches, thence eastwardly and at right angles to Third street ninety-five (95) feet to the western line of Third street, and thence southwardly along said western line of Third street forty (40) feet six inches to the beginning, the same being part of lots Nos. 4 and 5, in block No. 127 as designated on the official plan of the city of Wilmington, and being the same which was conveyed to the said Elizabeth Latimer by William Latimer, by deed dated the 1st day of April, A. D. 1886, and registered in the office of the Register of Deeds for New Hanover county in Book "XXX.," pages 367 and 368, unto the said Ellen S. Waddell, to her sole and separate use, for and during the term of her natural life, and if the said Alfred M. Waddell, husband of the said Ellen S. Waddell, shall survive his said wife, then at her death unto the said Alfred M. Waddell, for and during the term of his natural life, and at the death of the survivor, whether it be the said Ellen S. Waddell or the said Alfred M. Waddell, then unto the said Alfred M. Waddell, Junior, and the said Elizabeth S. Waddell, his sister, to them, their heirs and assigns respectively forever. Provided, however, and it is hereby made a condition of the estate of the said Alfred M. Waddell, Junior, and the said Elizabeth S. Waddell, that neither they nor either of them shall alien, sell, release or dispose of his or her interest or estate in the premises herein conveyed, during the lifetime of the said Ellen S. Waddell or within five (5) years from her death, thence next ensuing. And if the said Alfred M. Waddell, Junior, or the said Elizabeth S. Waddell shall so alien, sell, release or dispose of his or her estate or interest in the said premises, then the said estate and interest of

him or her so aliening, selling, releasing or disposing of
the same shall become forfeited, and shall cease and deter-
mine, and the said Elizabeth Latimer and her heirs shall
have full right and privilege and shall be empowered to
enter upon the said estate and interest so forfeited and hold
the same free and discharged of the obligations of this con-
veyance. And it is further provided that, in the event that
there shall be no such forfeiture as is above described, and
to the extent that there shall be none such, it is moreover
herein covenanted and is made a condition of this convey-
ance that if either the said Alfred M. Waddell, Junior, or
Elizabeth S. Waddell shall die intestate and without leav-
ing any heirs of her or his body living at her or his death,
that in that event the interest of the party so dying shall
vest in the survivor and his or her heirs. And if both the
said Alfred M. Waddell, Junior, and Elizabeth S. Wad-
dell shall die intestate and without having aliened their
said interest after the right to do so shall have accrued to
them, and shall have no heirs of his or her body living at
their death, then and in that event all the estate, right and
interest of the said parties shall revert to and become vested
in the said Elizabeth Latimer and her heirs forever. But,
subject to the restriction in the foregoing proviso men-
tioned, the said Alfred M. Waddell, Junior, and Elizabeth
S. Waddell, or either of them shall have full and absolute
power to dispose, by deed, will or otherwise, of his or her
estate in the premises herein conveyed. To have and
hold all and singular the above-granted premises unto the
said Ellen S. Waddell for her sole and separate use for and
during the term of her life, and at her death, unto her hus-
band, the said Alfred M. Waddell, Senior, if he shall sur-
vive her, for the term of his life, and at the death of the
survivor of the said Ellen S. Waddell and Alfred M. Wad-
dell, Senior, then unto the said Alfred M. Waddell, Junior,

and the said Elizabeth S. Waddell and their heirs and assigns forever, only subject to the conditions in the foregoing provisos set forth and described ; together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, together with the rents, issues and profits thereof.

" In witness whereof the said party of the first part hath hereunto set her hand and seal the day and year first herein above written.

"ELIZABETH LATIMER. SEAL."

On the 6th day of August, 1892, all of the grantees of said deed of conveyance, without the consent of the plaintiff, mortgaged the premises to the Mechanics' Home Association to raise money to be applied (and it was applied) to the betterment of the premises.

On the 26th day of October, 1895, Ellen S. Waddell, the grantee of the life estate, died, and it is admitted, for the purposes of this controversy, that the life estate of her husband has also expired. On or about January 8, 1896, the defendants, without the consent of the plaintiff, and in continuation and renewal of the above-mentioned mortgage, mortgaged the premises to the Mechanics' Home Association, and said mortgage remains unpaid, and the property has been advertised for sale under foreclosure. The defendants are in possession of said premises and withhold the same from the plaintiff.

On this state of facts the plaintiff contends :

1st. That the condition on which the estate was conveyed has been broken, and the estate granted is void, and the fee-simple estate is now in her by virtue of the reversionary interest in her, provided for in the deed, and she is entitled to the immediate possession of the premises.

The defendant contends :

1st. That the restriction or limitation placed upon the right to alien the property by the terms of the deed is a restraint upon alienation repugnant to the estate granted, and is void.

2d. That the grantees, Alfred M. Waddell, Jr., and Elizabeth S. Waddell, having conveyed the property by mortgage, and thereby conveyed the whole estate, the contingent interest of the plaintiff has been cut off, and the mortgagee takes the whole estate, subject to the terms of the mortgage.

His Honor rendered judgment as follows:

" The above entitled cause, coming on to be heard upon the statement of the case agreed, and being heard, and the court holding that the restriction or limitation placed upon the right to alien the property by the terms of the deed; a copy of which is attached to the case agreed, is a restraint upon alienation repugnant to the estate granted, and void ; and that the grantees, Alfred M. Waddell, Jr., and Elizabeth S. Waddell, having aliened the property by mortgage and thereby conveyed the whole estate, the contingent interest of the plaintiff has been cut off, and that the mortgagee takes the whole estate, subject to the terms of the mortgage. It is therefore considered and adjudged that the plaintiff do not recover, and that the defendants go without day and recover of the plaintiff their costs, to be taxed by the clerk."

From this judgment plaintiff appealed.

*Mr. T. W. Strange*, for plaintiff (appellant).
*Mr. George Rountree*, for defendants.

MONTGOMERY, J. : The question in this case is, Can an estate in fee-simple be limited by a condition preventing alienation on the part of the grantee for the certain time

of five years ?   No such limitation was recognized by or known to the common law.   There cannot be a co-existence of a fee-simple estate and a total restriction upon its alienation during any period of time, however short it may be.   One person cannot own the fee and another person the right of alienation.   It is written in Littleton (Section 360), "Also, if a feoffment be made on this condition, that the feoffee shall not alien the land to any, this condition is void ; because when a man is enfeoffed of lands or tenements he hath the power to alien them to any person by law."   Coke, in commenting on that section, confirms it, and adds to the principle releases, confirmations and all other conveyances in which a fee-simple estate is passed, and also devises.   Mr. Cruise (Cruise's Digest, Title 13, Ch. 1, Sec. 22) says, " A condition annexed to the creation of an estate in fee-simple that the tenant shall not alien is void, being repugnant to the nature of the estate, a power of alienation being an incident inseparably annexed to an estate in fee-simple."   There is not the slightest modification of this principle to be found in any of the books of the early English common law writers except in Littleton, Sec. 361, and Coke's Commentary on that section, and in Sheppard's Touchstone, at page 129. And the modification suggested by those writers does not permit a restraint upon alienation *for a certain time*, but only that it may be restrained in reference to a certain person or persons.   The text of Littleton is as follows : " But, if the condition be such that the feoffee shall not alien to such a one, naming his name, or to any of his heirs, or of the issues, if such a one, or the like, which conditions do not take away all power of alienation from the feoffee, then such condition is good.   Coke, in commenting upon this section, adds to it, " And in this case if the feoffee infeoff I. N. of entent and purpose that he shall

infeoff I. S., some hold that this is a breach of the condi-
tion." In the Touchstone the modification is in these
words, " If a feoffment or other conveyance (by deed or
will) be made of land, or a grant or rent in fee-simple, by
deed or will, upon condition that the feoffee or grantee
shall not alien to certain persons, (or shall alien to a par-
ticular person, Lit., Sec. 361,) as to J. S. or to J. S. and
W. S., this is a good condition." This modification has
been extended by recent writers on the law of real estate.
For example, it is said in 2 Washburn, page 448, " There  .
may be valid conditions restricting the free conveyance of
an estate even in fee, as where the grantee is not to con-
vey it *before a certain time*, or is not to convey to certain
persons named." The authorities in the note to that sec-
tion, cited to sustain the author in the statement that the
alienation for a *certain time* may be restrained, do not
bear him out. He refers to *Atwater* v. *Atwater*, 18 Beav.,
330, and to Tudor's Cases, 794, and to Coke on Littleton,
223a, and to *Anderson* v. *Cary*, 36 Ohio State, 506. In
all of these references, except the last one, the restrictions
upon alienation were confined *to certain individuals*, and
not in restraint of alienation for a certain time. In the
last reference, that of *Anderson* v. *Cary*, the point raised
was upon the right to prevent alienation for a *certain
time*, and the decision of the court was against the posi-
tion of the author. The language of the will, which gave
rise to the suit in the last-named case, was as fol-
lows: " I give and bequeath the farm on which I
now live . . . to my two sons, Thomas · and Lin-
coln, upon the following conditions: 1. I direct that
they, the said sons, shall not be allowed to sell and dis-
pose of said farm until the expiration of ten years from
the time my son Charles Lincoln arrives at full age, except
to one another; nor shall either of my said sons have

authority to mortgage or encumber said farm in any manner whatsoever, except in the sale to one another, as aforesaid." And the court held the condition to be void. Authorities in the courts of the States of the Union on this question can be found on both sides, but if we had to decide the question upon them we would give our preference to those which declare void such conditions. But we are not left to decide between these conflicting decisions. We think that the principle has been settled by the adjudications of our own Court. In the case of *Twitty* v. *Camp*, Phil. Eq., 61, the question before the Court was upon a non-alienation clause in a will, which undertook to prevent the alienation by devisees in fee before they arrived at thirty-five years of age. And the Court held that the condition was contrary to the nature of the estate, and on that account void, and that the devisees had the full power to dispose of the property without incurring a forfeiture. The Court, referring to the case of *Pardue* v. *Givens*, 1 Jones Eq., 306, in which was involved the attempt to prevent the alienation of a fee-simple estate during the lives of the devisees, and which condition was held void, said: "The present case differs from that (*Pardue* v. *Givens*) only in the circumstance that here the restriction is confined to a disposition of the land under the age of thirty-five years. But this, we think, makes no difference. If the testator had the power to impose such a condition for thirty-five years, he might have imposed it for fifty, seventy or one hundred years, for we are not aware of any particular age up to which the restriction would be good, and beyond which it would be bad. Coke and Blackstone and other elementary writers lay down the rule generally that a condition of non-alienation annexed to the conveyance *inter vivos*, or to a devise of a fee, is void because it is inconsistent with the full and free enjoy-

ment which the ownership of such an estate implies." The same principle was decided and approved in the late cases of *Hardy* v. *Galloway*, 111 N. C., 519, and *Pritchard* v. *Bailey*, 113 N. C., 521. The counsel of the plaintiff in his argument here referred us to the case of *Munroe* v. *Hall*, 97 N. C., 206, not as being directly in point, but as an indirect authority. In that case the testator, in his will, attempted the absolute restriction of all alienation. Of course, the Court held that that was void. The judge who delivered the opinion of the Court went on to say: " The rule, however, is not so comprehensive in its operation as to prevent all conditions and restraints upon the power of alienation. Such as are limited and reasonable in their application as to the time they must operate are valid and will be upheld." The learned judge cited as authority for this position 1 Washburn on Real Property, 67, 69, and 4 Kent Com. We have already referred to the unauthorized addition, as we think, of Washburn to the modification of the general principle, which modification allows restrictions of alienation in the conveyance of fee-simple estates, as laid down by Littleton and Coke, and Sheppard in the Touchstone, to be good when limited to a certain person or persons only. Upon a full examination of the learning on this subject in Kent's Commentaries, it will be seen that the illustrious author does not agree even with Littleton in his modification of the general principle which prevents all restraint upon the right of alienation in fee simple estates. He adopts the rule without any modification. In Volume 4, page 126, of his Commentaries, he says : " A condition annexed to a conveyance in fee, or by devise, that the purchaser or devisee should not alien, is unlawful and void......... If, however, a restraint upon alienation be confined to an individual named, to whom the grant is not

LATIMER *v.* WADDELL.

to be made, it is said by very high authority (Littleton, Section 361) to be a valid condition.    But this case falls within the general principle, and it may be very questionable whether such a condition would be good at this day." This author further says, at page 5, Volume 4 : " It (a fee-simple) is an estate of perpetuity and confers an unlimited power of alienation, and no person is capable of having a greater estate or interest in land.    Every restraint upon alienation is inconsistent with the nature of a fee simple, and if a partial restraint be annexed to a fee as a condition not to alien for a limited time, or not to a particular person, it ceases to be a fee-simple and becomes a fee subject to a condition."

Under the common law and the decisions of our own Court we find the question presented in this case free from doubt, and we are of the opinion that the condition which undertook to restrain the tenants in fee, Alfred M. Waddell, Jr., and Elizabeth S. Waddell, from aliening the property conveyed in the deed for five years from the death of the life tenant is vo d, and that they under the deed had, after the death of the life tenant, the full power of selling or otherwise disposing of the property without the danger of incurring a forfeiture for so doing.

Affirmed.