R. M. FOSTER AND WIFE v. JOE LEE.

(Filed 19 May, 1909.)

**Wills, Interpretation of—Devises—Husband and Wife—Restraint on Alienation—Void—Public Policy.**

When an item of a will gives a married woman a fee in testator's land, and it is followed by an item that the "above-devised lands shall not be disposed of, but shall descend to the children of my above-mentioned daughter," the words employed in the subsequent item are an attempted restraint upon alienation, contrary to public policy, and void.

ACTION tried by *Adams, J.,* upon the pleadings and agreed facts, at April Term, 1908, of POLK.

Defendant appealed.

*J. E. Shipman* for plaintiffs.
*S. Gallert* and *Simpson & Bomar* for defendant.

CLARK, C. J. The sole question presented by this appeal is whether Clara May Foster is owner in fee of the land contracted to be conveyed by her and can convey a good title thereto.

It is agreed that J. M. Hamilton died seized and possessed of the premises. By item 4 of his will he devised the land in question to his daughter, "Clara May Foster, wife of R. M. Foster, and her heirs forever." By item 5 he provided that the "above-devised lands shall not be disposed of, but shall descend to the children of my above-mentioned daughter."

Item 4 gave the plaintiff Clara May a fee simple. The words of item 5 did not convert this into a life estate. There is no devise to the grandchildren; there is simply an attempted restraint upon alienation, which is contrary to public policy and void. This is settled by a long line of authorities, but it is sufficient to refer to *Wool v. Fleetwood,* 136 N. C., 460, a recent case, in which the subject is fully discussed and authorities cited by *Mr. Justice Walker.*

It is admitted that Clara May Foster has not encumbered or conveyed the premises. His Honor properly held that she owned the land in fee and had a right to convey the same, and rendered judgment against her vendee for the purchase money.

No Error.