### R. C. CHRISTMAS ET AL. v. R. W. WINSTON.

(Filed 2 March, 1910.)

**Wills—Fee—Restraint Upon Alienation.**

> A limitation by will restricting for any period of time the sale of land by one to whom the fee is previously devised is repugnant to the fee, and void.

APPEAL from *W. R. Allen, J.,* January Term, 1910, of WAKE. From a judgment for defendant, the plaintiffs appeal. The facts are stated in the opinion of the Court.

*Edward A. Johnson* for plaintiff.
*Aycock & Winston* for defendant.

BROWN, J.    J. H. Miller devised the land in question to the plaintiffs J. H. Christmas, G. C. Christmas and Roscoe C. Christmas, and "their heirs, equally share and share alike," and in a subsequent part of his will provided that "the property and estate given, devised and bequeathed by this last will and testament is given, devised and bequeathed upon condition that it shall not be divided or disposed of until said three parties, or all of them who shall. live that long, shall reach the age of twenty-four years."   One of said parties, J. H. Christmas, is dead, without leaving wife or children.   G. C. Christmas is twenty-five years of age, and R. C. Christmas is twenty-two years of age.

The question presented is whether the devisees under the will of J. H. Miller can, at this time, execute a fee-simple deed to the defendant Winston, and give him immediate possession of the property described in the case agreed.

We are of opinion that the condition attempted to be fastened upon the estate already conveyed in fee is such a restraint upon alienation as makes it void.

The general subject is clearly and learnedly discussed by *Mr. Justice Montgomery* in *Lattimer v. Waddell,* 119 N. C., 374, and the conclusion reached that a condition annexed to a conveyance in fee simple, by deed or will, preventing alienation of the estate by the grantee within a certain period of time, is void.

It seems to be the law that since the statutes of *quia emptores,* and 12 Car. II., the conveyance of a fee-simple estate in land carries with it as a necessary incident the right of free and unlimited alienation.   *Wool v. Fleetwood,* 136 N. C., 465, in which case *Mr. Justice Walker* says: "It cannot be questioned

that a condition of non-alienation annexed to the grant of ·an estate in fee is void, though confined in its operation to a limited period of time." *Dick v. Pitchford,* 21 N. C., 484.

Among the older text-writers and adjudged cases authority can be found to the effect that this rule is not so comprehensive in its operation as to prevent all conditions and restraints upon the power of alienation, and in a number of cases such restraints as were limited in time and reasonable in application were upheld. 1 Wash. on R. Prop., 67-69; 4 Kent Com., 135. This was the opinion of *Chief Justice Pearson* as expressed in his Law Lectures, p. 135, and is recognized as sound law in a *dictum* by *Merrimon, J.,* in *Munroe v. Hall,* 97 N. C., 209.

But this subject underwent a most complete and thorough examination in *Peyster v. Michael,* 6 N. Y., 467, and in *Mandlebaum v. McDonell,* 29 Mich., 87, doubtless the ablest and most learned discussions of the subject to be found in the books. In the former case it is held by *Chief Justice Ruggles* that, upon the highest legal authority, it may be affirmed that in a fee-simple grant of land a condition, although limited in time, that the grantee shall not alien is void on the ground that it is repugnant to the estate granted.

In concluding his elaborate and learned opinion in the *Mandlebaum case, Judge Christiancy* says: "The only safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction which would suspend all power of alienation for a single day is inconsistent with the estate granted, unreasonable and void."

In referring to this opinion Mr. Gray commends it as the fullest argument against the validity of such conditions and conditional limitations to be found in the books. Restraints on Alienation, 41. See, also, *Roosevelt v. Thurman,* 1 Johns. Chan., 220; Kepples App., 53 Pa., 211; *Hardy v. Galloway,* 111 N. C., 519; *Potter v. Couch,* 141 U. S., 296.

Mr. Gray admits that it has often been said a condition against alienation confined to a limited period is good, but says that such remarks have been generally *obiter dicta,* without reasoning or citation of authorities. But he declares that since the full discussion and decision in the *Mandlebaum case,* followed and approved by *In re Rosher* and *Potter v. Couch,* the validity of such restrictions upon alienation of a fee simple, though limited in time, is now firmly established, except in the Province of Ontario.

Of course, this does not apply in its strictness where the devise is made to trustees, but only where made directly to the devisees themselves.

The case of *Hill v. Jones,* 123 N. C., 202, is supposed by the learned counsel for the defendant to contain some intimation against this view.

The will is not set out in the report, and it may be that a trust was created in that case in the husband for the benefit of the children.

However that may be, we deem it best to follow what may be now regarded as an established principle of the law of real property.

The judgment is
Affirmed.