PAULINE SCHWREN AND HUSBAND v. B. T. FALLS.

(Filed 1 December, 1915.)

**Wills—Devises—Interpretation—Fee Simple—Restraint on Alienation.**

A conveyance of "the full use and control" of lands, without any limitation as to time, confers a fee-simple title, and a restriction thereon that the grantee shall not dispose of any part of the land unless she become a widow and her necessity requires it, and then only with the consent of the executor, is void as a restraint upon alienation.

APPEAL by plaintiffs from *Justice, J.,* at November Term, 1915, of CLEVELAND.

*Rush Stroup for plaintiffs.*
*B. T. Falls for defendant.*

CLARK, C. J. This is a controversy submitted without action, and it is agreed that if the plaintiff Pauline Schwren is seized in fee simple of the land and can make a valid conveyance of the same, she is entitled to judgment. The validity of the deed tendered the defendant by the plaintiffs depends upon the following language in the will of J. M. Washburn:

"3. I give and bequeath to my daughter Pauline the place known as the T. B. Washburn place," etc. (describing same) "to have the full use and control of the said land, but not to dispose of any part of said land unless she become a widow and it is necessary for her to dispose of it, or a part of it, for her support, and then only by consent of my executors hereinafter named."

The words "to have the full use and control of said lands," without any limitation as to time, conferred a fee simple. The restriction attempted to be interposed upon alienation, that she should not dispose of any part of the land unless she became a widow and her necessity required it, and then only by consent of the executors of the testator, was void as a restraint upon alienation.

In 13 Cyc., 687, it is said: "If an estate is granted in fee, conditions or restrictions absolutely restraining alienation, when repugnant to the estate created, are void and against public policy," citing, as one of the authorities, *Pritchard v. Bailey,* 113 N. C., 521, which holds that "A provision in a deed that the grantee shall not sell the property during her life is repugnant to the grant, against public policy which prohibits unreasonable restraint upon the right of alienation, and void." In *Hardy v. Galloway,* 111 N. C., 519, it was held that a stipulation in the deed prohibiting the vendee from aliening the land without giving the vendors the privilege of repurchasing was void. To same purport, *Munroe v. Hall,* 97 N. C., 206.

In *Latimer v. Waddell,* 119 N. C., 370, it was held: "A condition annexed to a conveyance in fee simple by deed or will, preventing alienation of the estate by the grantee, within a certain period of time, is void." In this case the English authorities and our own are fully reviewed, citing among others the three cases above quoted. Indeed, since the statute *Quia Emptores,* 18 Edw. I., ch. 1. (1290), which abolished subinfeudation and conferred the right of alienation upon all persons except the King's tenants *in capite,* it has been well settled that restraints upon alienation are invalid. *Wool v. Fleetwood,* 136 N. C., 460, which held that where a will conferred a life estate in realty with a provision that it should not be sold during the life of the life tenant was void, being against public policy.

In 40 Cyc., 1588, it is stated that an attempted restraint upon alienation, either in general terms, or for a particular time, or by allowing alienation only to particular persons, or subject to control of others (as here by the executors), is void as to a devise in fee as well as to a deed in fee.

In 8 Ruling Cases, 1113, it is said that since the statute *Quia Emptores* the right of alienation has been considered an inseparable incident to an estate in fee, and restraints thereon are void because against public policy and repugnant to a grant of the fee.

In Gray on Perpetuities, sec. 119, it is held that neither common law nor equity allows restraints on the alienation of property, save in the case of property settled or devised to the separate use of married women. In this State the Constitution permits a restriction upon alienation as to married women by requiring the written consent of the husband to conveyances (but not to wills), though even this is abolished in England and in nearly all the other States of the Union. This restraint does not extend to the husband (except as to the "allotted" homestead, *Dalrymple v. Cole, ante,* 102), who can convey without the consent of his wife, subject only to the contingent right of dower, which is not a restraint on alienation, but in the nature of a contingent lien or mortgage.

We think the devise to the plaintiff, Pauline Schwren, is a devise in fee, and that the attempted restriction forbidding her to dispose of the land, or any part of it, unless she becomes a widow and it is necessary for her to sell it, and then only by the consent of the executor of the testator, is null and void, and that judgment should have been entered for the plaintiff. *Foster v. Lee,* 150 N. C., 688; *Christmas v. Winston,* 152 N. C., 48.

Reversed.