This is an action brought by the plaintiff, Walter J. Norwood, against the defendant, Ralph H. Crowder, and also against the plaintiff's brother, W. H. Norwood, and sister, Rebecca Norwood Bryan, to have declared void a clause in the will of George W. Norwood, deceased, restricting the sale or disposition of a plantation thereby devised and also to compel said Crowder to perform his agreement to lend the plaintiff $1,000, secured by mortgage on plaintiff's share in said plantation.
George W. Norwood died domiciled in Wake County, North Carolina, on or about 23 March, 1915, seized in fee simple and possession of a plantation in said county of the value of about $20,000, and leaving a last will and codicil thereto which were duly probated and recorded. Said will (dated 12 July, 1910) contained the following clause:
"I give unto my sons, Walter J. Norwood, W. H. Norwood, and George W. Norwood, my plantation situate in Neuse River Township. None of this plantation is to be sold or disposed of in any way without one of the three sons mentioned above desires to sell his part to one or both of his brothers."
Said codicil (dated 14 January, 1914) contained the following clause:
"My son, George W. Norwood, having departed this life on the 16th day of January, 1913, it is my will and desire that my daughter, Rebecca W. Norwood, have the portion of my plantation that I had given in the within will to George W. Norwood (said plantation being in Neuse River Township, Wake County), upon the same terms and conditions."
By said will and codicil said plantation was devised to plaintiff Walter J. Norwood, defendant W. H. Norwood, and defendant Rebecca Norwood Bryan, the last having subsequently married J. Winder Bryan. That plaintiff Walter J. Norwood, following the wording of said will, offered to sell his share of said plantation to his brother, the defendant W. H. Norwood, or to him and his sister, the defendant *Page 496 
Rebecca Norwood Bryan, jointly, and asked if they would not buy that he or they would lend him $1,000, to be secured by mortgage on said Walter J. Norwood's share of said plantation, but his said brother refused to either buy or make the loan, either singly or jointly with his said sister. The plaintiff, Walter J. Norwood, then made a similar offer and request to his sister, the defendant Rebecca Norwood Bryan, and she also refused to either buy or make the loan either singly or jointly with her said brother, the defendant W. H. Norwood. The plaintiffs, W. J. Norwood, then applied to the defendant Ralph H. Crowder for a loan of $1,000, to be secured by first mortgage on his share in said plantation, and the said Crowder agreed to make said loan, but subsequently discovered that said will contained said clause forbidding (471) the sale or disposition of any part of said plantation by any one of said three children except to the other to wit: "None of this plantation is to be sold or disposed of in any way without one of the three sons mentioned above desires to sell his part to one or both of his brothers," and contended that by reason of said restrictive clause plaintiff could not convey or mortgage to him, the said Crowder, a good title to any part of said plantation, and said Crowder thereupon, solely on account of said restrictive clause. The plaintiffs claim that said receipt said note and mortgage therefor, which note and mortgage had theretofore been, and was then, duly tendered and to which said Crowder made no objection whatever except as to said alleged defect of title on account of said restrictive clause. The plaintiffs claim that said restrictive clause is void, and this suit is brought to have said restrictive clause declared void and to require said Crowder to perform his agreement and lend said $1,000, and to accept said note and mortgage. The said Crowder filed demurrer on account of said alleged defective title by reason of said restrictive clause, and expressly waived all objections to the title on account of the provision in said will and codicil providing for the payment of taxes on the town property out of the proceeds and profits of said plantation.
All the other defendants filed answer admitting all the allegations of the complaint. The court below entered judgment declaring said restrictive clause to be void and adjudging that plaintiff, Walter J. Norwood, recover of the defendant Crowder the sum of $1,000, and said defendant Crowder appealed.
Under the facts admitted by the demurrer, the brother and sister of the plaintiff having refused to buy his interest in the land *Page 497 
or to lend him any money thereon, the provision in the will amounts to a total restraint on alienation and is therefore void. Trust Co. v.Nicholson, 162 N.C. 263; Schwren v. Falls, 170 N.C. 252; Lee v. Oates,171 N.C. 721, and cases cited.
In Wool v. Fleetwood, 136 N.C. 465, where the subject is fully discussed by Justice Walker, it is held, citing Dick v. Pitchford,21 N.C. 480, that the condition against alienation annexed to a life estate is void, and in Christmas v. Winston, 152 N.C. 48, citing Lattimer v.Waddell, 119 N.C. 370, that such a condition, whether annexed to a life estate or a fee, is not made valid because limited to a certain period of time.
It was also held in Hardy v. Galloway, 111 N.C. 519, which has been approved several times, that a clause in a deed reserving the right to repurchase the land conveyed when sold came under the condemnation of the same rule, and this is in principle the case (472) before us.
We do not, however, approve the measure of damages applied in the court below, but as the defendant is content to lend the money if the plaintiff can execute a valid mortgage, and makes no objection to the form of the judgment or to the amount recovered, we do not reverse the judgment on this account.
The action cannot be maintained for specific performance, nor is it an action to recover upon a promise to pay money, as the defendant has not agreed to pay anything to the plaintiff but has contracted to lend money upon a certain security, and upon breach of this agreement the action is to recover damages. Coles v. Lumber Co., 150 N.C. 189.
Affirmed.
Cited: Langston v. Wooten, 232 N.C. 127.