The complaint alleges that on 13 June, 1927, F. D. Lethco executed and delivered two promissory notes, aggregating $16,000, payable to I. W. Stewart. The notes were secured by deed of trust upon certain property owned by the maker. Thereafter Stewart endorsed the notes to the plaintiff and the plaintiff duly endorsed said bonds and negotiated the same to the Commercial National Bank of Charlotte, N.C. Subsequently, Lethco and wife conveyed the land described in the deed of trust to the defendant Abbott Realty Company, and said grantee "assumed liability for and the payment of said bonds and interest thereon." On 10 December, 1929, Abbott Realty Company borrowed $5,000 from the defendant John Sprunt Hill and executed a second deed of trust upon the property to secure said note. Prior to 10 July, 1930, "said Commercial National Bank, being the owner and holder of the bonds herein mentioned aggregating the sum of $16,000, served notice upon said defendant John Sprunt Hill that said bonds were past due, and unless said Abbott Realty Company made prompt payment thereof, foreclosure would be had." *Page 454 
It was alleged that "John Sprunt Hill, defendant, for the purpose of deferring the foreclosure of said deed of trust, . . . and in consideration of extension of the foreclosure of said deed of trust, did, on or about 10 July, 1930, covenant and agree that if the said Commercial National Bank would extend the time of payment of said bonds until the period between the first and tenth of September, 1930, then and in such event said defendant John Sprunt Hill would place a new loan of $16,000 on said property and make payment of the said bonds of $16,000 owned by said Commercial National Bank, thereby relieving the estate of said F. D. Lethco of liability upon said notes." The time of payment was extended until 10 September, 1930, when the bank demanded payment of said bonds and the defendants failed and refused to pay same. Foreclosure resulted, and the property was duly sold for $11,329. 50, thus creating a deficiency of $4,670.50, plus interest. Plaintiff was required by the bank to pay said deficiency, and thereupon brought suit against the defendants to recover the said sum of $4,670.50.
The defendant Abbott Realty Company filed an answer admitting that John Sprunt Hill agreed with the Commercial National Bank and the Abbott Realty Company that he would refinance the notes mentioned in the complaint provided the Realty Company could give him a mortgage on certain other property securing his $5,000 note. The Realty Company further alleged that it was unable to give such security. The defendant Hill filed an answer alleging that his negotiations were conducted with the bank and that he was never informed that the plaintiffs had anything to do with the transactions, or were in anywise interested therein. He further alleged that he had stated to the bank that he would refinance the property for Abbott Realty Company if certain additional security could be given, and that such security was not given, and he had thereupon notified his codefendant Abbott Realty Company that he could not make the loan.
At the trial the defendant Hill demurred ore tenus to the complaint, asserting that it did not state a cause of action against him in that no contract was alleged between him and the plaintiff which was enforceable on behalf of plaintiff. The trial judge sustained the demurrer, and the plaintiff appealed.
If the defendant John Sprunt Hill made any contract at all, it was with the Commercial National Bank, the owner and holder of the bonds or notes executed by Lethco. Obviously, if it be conceded that the negotiations between Hill and the bank amounted to a contract, it does not appear that such agreement was *Page 455 
made for the benefit of the plaintiff. Consequently, the principles of law permitting a beneficiary to sue into a contract made with a third party has no application to the facts alleged. Moreover, the purported contract was in all essential features an agreement to lend money to the Abbott Realty Company, and neither this corporation nor the bank is seeking to enforce the same. In addition, the measure of damages for the breach of a contract to lend money would not ordinarily be the deficiency arising from a sale of property for less than the face value of the notes. See Coles v. LumberCo., 150 N.C. 183, 63 S.E. 736; Norwood v. Crowder, 177 N.C. 469,99 S.E. 345; 36 A.L.R., 1408; 41 A.L.R., 357.
Affirmed.