ANDREW T. JENKINS AND ROBERT D. JENKINS v. WILBUR OR-VILLE COOMBS AND WIFE, BETTY JANE COOMBS, E. W. MAR-TIN, TRUSTEE, AND MARGARET L. JENKINS

No. 746SC395

(Filed 5 June 1974)

Vendor and Purchaser § 1— "option" to repurchase land — agreement void

A paperwriting executed by the brother of plaintiffs as part of the transaction by which he acquired the property in question from one plaintiff was void and therefore did not entitle plaintiffs to the first chance to buy the property upon the brother's decision to sell it.

APPEAL by plaintiffs from *Rouse, Judge,* 29 October 1973 Session of Superior Court held in NORTHAMPTON County.

Plaintiffs instituted this action to compel the conveyance to them of a 94 acre tract of land located in Northampton County and referred to by them as the Jenkins homeplace; also to recover damages. In their complaint, they purportedly allege three causes of action, briefly summarized as follows:

In 1952, plaintiff Andrew T. Jenkins was the owner of the subject property and conveyed it by deed to his brother, J. H.

Jenkins. As a part of the transaction, J. H. Jenkins executed a paperwriting in the following words and form:

"Zebulon, N. C.
October 29, 1952

If I, or my heirs or assigns, decide to sell the Jenkins Home Place in Northampton County, I will give Andrew T. Jenkins, Robert D. Jenkins, and Clyde W. Jenkins, first chance to buy the above said property.

Signed: J. H. Jenkins"

Thereafter, J. H. Jenkins died and his widow, the feme defendant, with full knowledge of plaintiffs' rights and without giving them a chance to buy the property, conveyed the same to defendants Coombs by deed dated 17 December 1971. Defendants Coombs, in turn, executed a deed of trust on the lands to defendant Martin, trustee. After taking possession of the property, defendants Coombs committed waste thereon. Plaintiffs asked (1) that the deed to defendants Coombs be set aside; (2) that the feme defendant be required to convey the property to plaintiffs "upon the payment of its fair value price"; (3) that plaintiffs recover of the feme defendant actual damages in the sum of $10,000 and punitive damages in the sum of $25,000; (4) that plaintiffs recover $5,000 from defendants Coombs; (5) that defendants Coombs be restrained from committing further waste on the property; and (6) for costs, etc.

Defendants filed answer denying plaintiffs' claims and, among other defenses, pled priority of registration under G.S. 47-18, the statutes of limitations, and adverse possession. Plaintiffs filed reply and defendants filed motions for summary judgment pursuant to G.S. 1A-1, Rule 56. Following a hearing, the court granted defendants' motions for summary judgment and dismissed the action. Plaintiffs appealed.

*Vaughan S. Winborne for plaintiff appellants.*

*Allsbrook, Benton, Knott, Allsbrook & Cranford, by J. E. Knott, Jr., for defendant appellee Margaret L. Jenkins.*

*Revelle, Burleson and Lee, by L. Frank Burleson, Jr., for defendant appellee E. W. Martin, Trustee.*

*Carter W. Jones, by C. Roland Krueger, for defendant appellees Coombs.*

BRITT, Judge.

We hold that the court did not err in entering summary judgment in favor of all defendants.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. G.S. 1A-1, Rule 56 (c). Admissions in the pleadings and affidavits presented at the hearing in the instant case established the following:

(1) The deed from Andrew T. Jenkins and wife to J. H. Jenkins conveying the subject property is dated 14 October 1952 and was filed for registration on 5 November 1952.

(2) The paperwriting alleged by plaintiffs to be an option to purchase is dated 29 October 1952, and was filed for registration in Northampton County Registry on *6 March 1961.*

(3) On 25 January 1954, a deed from J. H. Jenkins to the feme defendant, conveying the subject property, was executed and recorded.

(4) The deed from the feme defendant to defendants Coombs, and the deed of trust from defendants Coombs to defendant Martin, trustee, conveying the subject property, are dated 17 December 1971 and were filed for registration on 20 December 1971.

Defendants contend first that the alleged "option" is void. We agree with this contention. While our research fails to disclose a precedent in this jurisdiction directly in point, we have found cases in which a similar provision was set forth in the deed. Certainly, plaintiffs' position is no stronger by reason of the fact that the paperwriting they rely on is separate from the deed.

In *Hardy v. Galloway,* 111 N.C. 519, 15 S.E. 890, 32 Am. St. Rep. 828 (1892), a provision in a deed whereby the grantors retained, for themselves and their heirs and assigns, the right to repurchase the land, "when sold," was held not only to be void for uncertainty and fixing no price for the repurchase, and no time for the performance of the provision, but also as an unlawful restraint upon alienation, the court stating at 524, 15 S.E. at 890: "The restriction is certainly inconsistent with the ownership of

the fee as well, it would seem, as against public policy, (sic) The right to repurchase is of indefinite extent as to time (it being reserved to the grantors, their heirs or assigns), and may be exercised whenever the property is sold, although no amount is fixed upon as purchase money. In other words, we have an estate in fee without the power to dispose of or encumber it, unless first offering it for no definite price to the grantors, their heirs or assigns. The condition is repugnant to the grant, and therefore void."

See also *Brooks v. Griffin,* 177 N.C. 7, 97 S.E. 730 (1919), in which case Chief Justice Clark reviewed the decisions relating to provisions of instruments held void as illegal restraint upon alienation and cited *Hardy* with approval. See also note in 162 A.L.R. 581, at 594, quoting from *Hardy;* also *Story v. Walcott,* 240 N.C. 622, 83 S.E. 2d 498 (1954).

We are aware of the opinion of our Supreme Court in *Oil Co. v. Baars,* 224 N.C. 612, 31 S.E. 2d 854 (1944), but find it easy to distinguish that case from the case at bar. We think the principles declared in *Hardy* control here.

In view of our holding that the paperwriting relied on by plaintiffs is void, we do not reach the question relating to priority of recordation, statutes of limitations, adverse possession, and the other defenses asserted by defendants.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges HEDRICK and CARSON concur.