W. OSMOND SMITH III v. JACK MITCHELL AND WIFE, LAURA MITCHELL,
AND THOMAS G. BARBER AND WIFE, SANDRA M. BARBER

No. 7917SC323

(Filed 8 January 1980)

**Deeds §§ 19, 21— fee simple estate conveyed—subsequent sale by grantee—grant-
or's right of first refusal—restriction void**

Any restriction on a landowner's right freely to alienate his property,
even though limited as to time and certain as to price, is void as an invalid
restraint on alienation; therefore, a provision of restrictive covenants requiring
grantees, who wished to sell, to give grantor the first opportunity to purchase
"at a price no higher than the lowest price he is willing to accept from any
other purchaser" was void.

APPEAL by plaintiff from *Reid, Judge*. Judgment entered 12
February 1979 in Superior Court, CASWELL County. Heard in the
Court of Appeals on 27 November 1979.

Plaintiff brought this suit seeking to compel the conveyance to him of a piece of property previously owned by the defendants Mitchell and sold by them to the defendants Barber. In the alternative, he asserted a claim for damages, and alleged in his complaint that he had conveyed the property in question to the defendants Mitchell by a duly recorded deed dated 30 August 1974; that he had acquired the subject property, by will and by deed, from W. O. Smith, Jr., and was the sole owner prior to conveying a parcel of it to the defendants Mitchell; and that all of the property, including the lot conveyed to the Mitchells, was covered by certain restrictive covenants, duly recorded on 14 July 1967, and containing the following paragraph entitled ARTICLE XIV:

> If any future owner of lands herein described shall desire to sell the lands owned by him, he shall offer the parties of the first part the option to repurchase said property at a price no higher than the lowest price he is willing to accept from any other purchaser. Parties of the first part agree to exercise said option or to reject same in writing within 14 days of said offer. This covenant shall be binding on the parties of the first part and their heirs, successors, administrators, and executors or assigns for as long as W. Osmond Smith, Jr. shall live and for 20 years from the date of his death unless sooner rescinded.

Plaintiff further averred that the defendants Mitchell, by deed recorded 23 July 1975, had conveyed their lot to the defendants Barber, without first notifying plaintiff and giving him the "option to repurchase the property. . . ." On information and belief, he alleged that the Mitchells sold to the Barbers for $3,500.00.

Answering, defendants Mitchell and Barber admitted the conveyances as described in plaintiff's complaint and the due recordation of certain restrictive covenants, but contended that Article XIV thereof was void as an illegal restraint on alienation and was, therefore, contrary to public policy and unenforceable. Each defendant also counterclaimed for damages in the amount of $5,000.00, charging that plaintiff's actions in bringing suit was a breach of the warranties in their respective deeds and that such actions had cast a cloud on the title to the property in question.

On 3 January 1979 defendants moved for summary judgment on the basis that the verified pleadings filed in the action, together with the pertinent documents at issue, demonstrated that no genuine issues of material fact existed to support a judgment for plaintiff. Plaintiff thereafter moved for summary judgment in his favor. On 12 February 1979 the trial court filed its judgment granting the defendants' motion.

The court further ruled that the defendants' counterclaims were rendered moot by its judgment against plaintiff. Plaintiff appealed.

*W. Osmond Smith III, and Ramsey, Hubbard & Galloway, by Mark Galloway, for plaintiff appellant.*

*Latham, Wood & Balog, by B. F. Wood, for defendant appellees.*

HEDRICK, Judge.

This case presents squarely for our resolution the question of whether *any* restriction on a landowner's right to freely alienate his property, even though limited as to time and certain as to price, is void as an invalid restraint on alienation. We hold that it is. Summary judgment, therefore, was properly entered for defendants.

We are cognizant that, in so holding, we stand in apparent opposition to the jurisprudence of a number of jurisdictions which recognize so-called "pre-emptive rights" whereby the grantee, if he wishes to sell, must first offer the property to the grantor at a given price or at a price which can be determined according to a prearranged formula. *See* Annot., 40 A.L.R. 3d 943 (1971) and cases cited therein. Plaintiff urges that such is the law in North Carolina and that the restrictive provision in question here constitutes such a pre-emptive right in his favor. We reject plaintiff's view of the rule in our State. Moreover, we are confident that the long-standing principles laid down in *Hardy v. Galloway*, 111 N.C. 519, 15 S.E. 890 (1892), represent the better-reasoned and more enlightened view.

In *Hardy*, vendors of a tract of land sought to retain for themselves, their heirs and assigns, the right to repurchase the land "when sold." The trial court found the provision void, and

our Supreme Court affirmed. Pointing out that the right of aliena-
tion is "an inseparable incident to an estate in fee", the Court
held as follows:

> The provision, . . . can . . . take effect, if at all, as a condition
> subsequent, and viewed in this light we cannot hesitate in
> deciding that the restriction upon alienation attempted to be
> imposed after the grant of the fee, is repugnant to the nature
> of the estate granted, contrary to the policy of the law, and
> therefore inoperative. . . . [T]he law does not recognize or en-
> force *any* condition which would directly *or indirectly* limit or
> destroy [the] privilege [of free alienation] . . .

*Id.* at 523, 15 S.E. at 890. [Our emphasis.]

Plaintiff insists that *Hardy* is different from and does not
control the resolution of this case for the reason that, in *Hardy*,
no amount was fixed as purchase-money, nor was the right to
repurchase definite as to time. While we recognize that the two
cases are distinguishable on those grounds, we do not agree that
the holding of *Hardy* is so narrow. We interpret *Hardy* to
establish for this State the sound policy that a grant of the estate
in fee vests the owner with the inseparable and unlimited right of
free alienation. No restraint, however slight, whether direct or in-
direct, express or implied, may be imposed to frustrate or
diminish that right. As was noted in *Christmas v. Winston*, 152
N.C. 48, 67 S.E. 58, 59 (1910), restraining the right of "free and
unlimited alienation" for even a single day is repugnant to the
fee, unreasonable and void.

Our interpretation of the law as established by *Hardy* is
bolstered by the fact that numerous opinions of our Courts, as
well as the observations of annotators and legal commentators,
have construed the case to so hold. *See*, for example, Annot., 40
A.L.R. 3d 942 (1971) which cites *Hardy* as a successful attempt "to
invoke the common-law rule concerning restraints on alienation to
invalidate pre-emptive rights contained in deeds." Professor
Webster has noted that North Carolina law, as laid down by *Har-
dy*, rejects restraints on alienation disguised as "pre-emptive
rights." Webster, *Real Estate Law in North Carolina* § 346 (1971).
A survey of North Carolina case law in 1955 cited *Hardy* as
holding "void a right reserved in the grantor and his heirs to
repurchase the land when sold." *Third Annual Survey of North*

*Carolina Case Law,* 34 N.C.L. Rev. 1, 72 (1955). *See also* Christopher, *Spendthrift and Other Restraints in Trusts: North Carolina,* 41 N.C.L. Rev. 49 (1962). *Accord, Norwood v. Crowder,* 177 N.C. 469, 99 S.E. 345 (1919); *Lee v. Oates,* 171 N.C. 717, 88 S.E. 889 (1916) [quoting approvingly from *Dick v. Pitchford,* 21 N.C. 480, where Justice Gaston observed: "The capricious regulations which individuals would fain impose on the enjoyment and disposal of property must yield to the fixed rules which have been prescribed by the supreme power as essential to the useful existence of property."]; *Schwren v. Falls,* 170 N.C. 251, 87 S.E. 49 (1915); *Latimer v. Waddell,* 119 N.C. 370, 26 S.E. 122 (1896).

As recently as 1974, this Court confirmed the principle that any restraint on alienation is void. *Jenkins v. Coombs,* 21 N.C. App. 683, 205 S.E. 2d 728 (1974) [citing with approval *Hardy v. Galloway*]. In our opinion, public policy dictates that we reconfirm the rule today. To allow the "pre-emptive right" which the plaintiff herein proposes obviously would deprive the owner of the fee from selling it to whomever he wishes, or from selling at a low price to family or friends, or from giving the land away if he chooses. The inescapable conclusion follows that such a deprivation frustrates his right of free and *unlimited* alienation, and thereby contravenes public policy.

We hold that the "pre-emptive right" contained in Article XIV of the restrictive covenants sought to be imposed by plaintiff is repugnant to the fee, unreasonable and void. Accordingly, the judgment of the trial court granting the defendants' motion for summary judgment is

Affirmed.

Judges MARTIN (Robert M.) and WELLS concur.