ALFRED L. LEVAN AND WIFE, MAXINE S. LEVAN v. BEULAH L. EIDSON

No. 8622SC1305

(Filed 2 June 1987)

**Deeds § 21— right of first refusal—no price provision—contract unenforceable**

    In an action for specific performance of a contract to give plaintiffs first right of refusal for certain described real property owned by defendant, the trial court properly entered summary judgment for defendant where the contract did not link the right of first refusal to the fair market value of the land nor to the price grantors would be willing to accept from third parties, and the contract was therefore unenforceable.

APPEAL by plaintiffs from *Collier, Judge*. Judgment entered 27 October 1986 in IREDELL County Superior Court. Heard in the Court of Appeals 12 May 1987.

Plaintiffs brought this action seeking specific performance of a contract. Plaintiffs alleged in their complaint that defendant (and her deceased husband) entered into a contract with plaintiffs in which defendant promised to give plaintiffs the first right of refusal for certain described real property owned by defendant, but that defendant had refused to honor the contract. Plaintiffs attached a copy of the contract to the complaint as an exhibit. Defendant answered and moved to dismiss under G.S. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure for failure of plaintiffs to state a claim from which relief could be granted. When defendant's motion came on for hearing, the trial court considered the pleadings, contract, affidavits and interrogatories. The trial court granted defendant's Rule 12(b)(6) motion, but the parties have properly stipulated that the trial court's order should be treated as one for summary judgment under Rule 56 of the Rules of Civil Procedure.

The materials before the trial court reveal the following forecast of evidence. In September of 1975, plaintiffs and defendant (and defendant's deceased husband) entered into a written contract which contained, *inter alia*, the following pertinent language:

> That for and in consideration of the parties of the second part [plaintiffs] having purchased property from the parties of the first part [defendant and her deceased husband], the said parties of the first part do hereby agree and grant unto the parties of the second part the following:

> That if at any time the parties of the first part decide to sell their property located on the Southeast corner of U. S. Highway No. 21 and N.C. Road No. 2171, that they will first offer the same for sale to the parties of the second part.

Defendant had agreed to sell the property to another person for $80,000.00. In his affidavit, plaintiff Alfred Levan stated that defendant did so without first offering to sell the property to plaintiffs, that plaintiffs offered to buy the property for $80,000.00, but that defendant had refused to sell to them. In

answers to interrogatories, defendant indicated that she had offered to sell the property to plaintiffs, informed plaintiffs that she had received an offer of $80,000.00 from another person, but received no further response from plaintiffs.

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for plaintiff-appellants.*

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines and Clifton W. Homesley, for defendant-appellee.*

WELLS, Judge.

The sole issue in this appeal is whether the trial court erred in granting summary judgment for defendant.

So-called "rights of first refusal" or "preemptive rights" in real property contracts have been the subject of a number of decisions of our appellate courts. In the leading case of *Smith v. Mitchell*, 301 N.C. 58, 269 S.E. 2d 608 (1980), our Supreme Court analogized such contracts to options to purchase and discussed at length the principles of law pertaining to and controlling such contracts. The Court initially noted that "[c]ertain such restrictions on alienability, if defined as preemptive rights and if carefully limited in duration and price, are not void *per se* and will be enforced if reasonable." Relying on *Hardy v. Galloway*, 111 N.C. 519, 15 S.E. 890 (1892), the seminal case in this aspect of real property law, the court in *Smith* stated that two primary considerations dictate the reasonableness or unreasonableness of such preemptive rights: "the duration of the right and the provisions it makes for determining the price of exercising the right." The court then adopted the following generally applicable rules:

> We believe the better rule is to limit the duration of the right to a period within the rule against perpetuities and thus avoid lengthy litigation over what is or is not a reasonable time within the facts of any given case. We further agree with the authorities that a reasonable price provision in a preemptive right is one which somehow links the price to the fair market value of the land, or to the price the seller is willing to accept from third parties.

We first note that the contract at issue in this case meets the first requirement as it purports to bind only the grantors. It is

clear, however, that the contract does not meet the second requirement, as it neither links the preemptive right (right of first refusal) to the fair market value of the land nor to the price the grantors would be willing to accept from third parties.

The forecast of evidence before the trial court showed that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. *See* G.S. § 1A-1, Rule 56(c) of the Rules of Civil Procedure.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges ARNOLD and ORR concur.