ROBERT MAYNARD v. MATTHEW P. MOORE.

*Ejectment -- Execution Sale -- Evidence -- Practice --Deed --
Covenants.*

1. In an action for the recovery of real estate, where the plaintiff claims under a purchase at execution sale, evidence that a levy was made by the Sheriff under a *fi. fa.* after its return day, is competent.

2. The entry by a Sheriff upon a *ven. ex.* of "J. G. Moore, $120," coupled with the fact that afterwards a deed was made to A as assignee of Moore, and with other evidence tending to show that there was a sale and that Moore was the purchaser, and that thereafter the defendant in the *ven. ex.* acknowledged under his hand and seal that a sale had been made, constitutes a sufficient return.

3. In such case it is immaterial that the *ven. ex.* varied from the judgment in being for a less amount.

4. A Sheriff who makes a sale under execution and the purchase money is not paid, is not obliged to re-sell immediately, but may give the purchaser time in which to pay the purchase money, if neither party to the execution objects or complains.

5. A levy on land endorsed by a Sheriff upon a *fi. fa.* which he retained in his hands until after its return day, is invalid.

6. In an action to recover real estate, where the defendant sets up legal defences and also an equitable counter claim it is proper to postpone the consideration of the latter until the former are disposed of.

7. A grantee who accepts a deed poll containing covenants or conditions to be performed by him as the consideration of the same, becomes bound for their performance although he does not execute the deed as a party. The assignee of such grantee is likewise bound.

(*McKee* v. *Lineberger*, 69 N. C. 217; *McKeithan* v. *Terry*, 64 N. C. 25; *Barden* v. *McKinne*, 4 Hawks, 279; *Brooks* v. *Ratcliff*, 11 Ire. 321, cited and approved.)

CIVIL ACTION, for the recovery of possession of real estate tried at Fall Term, 1875, of ALAMANCE Superior Court, before *Kerr*, J.

The facts are sufficiently stated by Mr. Justice Rodman in delivering the opinion of this Court. (See case of same title, 70 N. C. 546.)

MAYNARD v. MOORE.

*Messrs. E. S. Parker* and *J. E. Boyd,* for plaintiff.

*Messrs. J. W. Graham* and *J. A. Graham,* for defendant, cited, *Lanier* v. *Stone,* 1 Hawks, 329; *Barden* v. *McKinne,* 4 Hawks, 279; *Clarke* v. *Diggs,* 6 Ire. 159; *Taylor* v. *Gooch,* 3 Jones, 467; *Duncan* v. *Duncan,* 3 Ire. 317; *Lyerly* v. *Wheeler,* 11 Ire. 288, *Lambert* v. *Kinnery,* 74 N. C. 348; *Beavan* v. *Speed, Ibid,* 544; *Andrews* v. *Pritchett,* 72 N. C. 135; *Cohn* v. *Chapman,* Phil. Eq. 92.

RODMAN, J.   This case is somewhat complicated of itself, but it has been made more so by a style of pleading which states what is properly evidence, instead of stating facts.

It is our duty however to disentangle the mass and to extract from it as well as we can, the claims of the parties, and from the facts which are proved or admitted, to ascertain their rights

1. The plaintiff claims title to and the right to the possession of a certain piece of land.   The defendant denies this right.   *Here is a joint issue.*   The plaintiff proves in support of his title the following facts; At September Term, 1861 of the County Court of Alamance, Holt recovered a judgment against the present defendant for $150 and costs. On this judgment a *fi. fa.* issued returnable to December Term, 1861, of said County Court.   On the 5th March, 1862, (it being after the return day of the execution,) the Sheriff of Alamance, having the execution 'in his hands, endorsed on it a levy on said lands and returned it to said Court.

The defendant objected to this evidence and on its being admitted, excepted.   At the risk of breaking the thread of narration, we are obliged to pause here to pass on this exception.   Clearly the evidence was *competent,* and the defendant on reflection would have seen that it was.   If it is not allowed to one who claims under a purchase at execution sale, to introduce the record of the judgment and of any execution issued thereon, he can never prove his title.   The

objection which the defendant probably had in his mind was as to the *effect* of the evidence ; an objection which was premature at that stage of the trial, whatever might be its weight at the due time.

In his zeal to exclude everything which might possibly go towards making out a case for the plaintiff, he overlooked the difference between the competency and the effect of evidence and exposed himself to a judgment for costs.

We return now to the narration which we left, to consider the defendant's exception to the evidence.

No other execution issued upon the judgment until after 7th June, 1869, when the plaintiff docketed his judgment in the Superior Court of Alamance. On this docketed judgment a *venditioni exponas* issued under which, on the 4th September, 1869, the Sheriff sold the land and J. G. Moore became the purchaser at $120.

Before returning the execution the Sheriff endorsed on it "J. G. Moore $120," and "no sale for want of compliance."

Afterwards the Sheriff, by consent of J. G. Moore and on payment by the plaintiff or by J. G. Moore of a sum greater than $120 and equal to the judgment debt to Holt, executed a deed for the land to the plaintiff.

Before considering the effect of this sale in passing the title, if it was regular, it is necessary to pause again and consider the objections which were made to its regularity.

1. It is said that the entry "J. G. Moore, $120," does not amount to a return that a sale was made to Moore. We are of opinion that coupled with the fact that a deed was afterwards made to the plaintiff as assignee of Moore, and with the other facts in evidence tending to show that there was a sale and that J. G. Moore became the purchaser, and with the fact that the defendant afterwards under his hand and seal acknowledged that a sale had been made, and by implication authorized a deed to be made to the purchaser, the return is sufficient, at least as between the present parties, to show the fact of sale. *Maynard* v. *Moore,* 70 N. C. 546.

2. Neither can it be material that the execution varied from the judgment in being for a less amount. Such variance is expressly cured by the Act, R. C. ch. 44, § 13 (Bat. Rev. ch. 43, § 12) which ought to be familiar to the profession.

3. It is contended that the entry " no sale for want of compliance," coupled with the fact that the purchaser did not pay his bid for some time afterwards, invalidated the sale.

If a purchaser at Sheriff's sale fails to pay his bid, the Sheriff may resell immediately. or he may apply for a rule of Court to compel payment, or he may at his own peril as to the plaintiff indulge the purchaser. *McKee* v. *Lineberger*, 69 N. C. 217.

Most certainly he is not obliged to make an immediate re-sale, but may give the purchaser time, if neither party to the execution objects or complains. In this case Holt acquiesced and the defendant ratified the delay by his deed of 2nd January, 1871.

We return now to consider the effect of the sale on 4th September, 1869, considering it as a regular sale. Unquestionably its effect *prima facie* was to pass the title to the plaintiff.

For this purpose it needs no support from the *fi. fa.* returnable to December Term, 1861, or from the levy on it, which so far as the present question is concerned may be disregarded.

The first issue must therefore be decided for the plaintiff, subject to the decision of the second.

II. The defendant says that J. G. Moore purchased the land subject to the homestead right of the defendant, and that his assignee (the plaintiff) holds subject to the same right.

We suppose it will be conceded that the plaintiff's title so far as it depends on the purchase by J. G. Moore on the

4th September, 1869, was subject to the defendant's homestead right *unless* the plaintiff Holt had acquired a specific lien on the land by virtue of his *fi. fa.* returnable to December Term, 1861, and the levy endorsed thereon on 5th March, 1862. It was held in *McKeithan* v. *Terry,* 64 N. C. 25, that a specific lien acquired by virtue of a levy before the adoption of the Constitution was paramount to the homestead given by that statute. But ever since the case of *Barden* v. *McKinne,* 4 Hawks, 279, it has been considered that the entry of a levy on land made by a Sheriff on a *fi. fa.* which he retained in his hands after the return day, was not valid. The plaintiff in this case is unable to connect the execution under which he purchased, with the execution returnable to December Term, 1861, so as to establish any lien in his favor prior to the docketing of his judgment on 7th June, 1869, at which time the homestead right was in existence.

The plaintiff did not acquire by the purchase of J. G. Moore, any estate paramount to the homestead of the defendant. As the assignee of such purchaser he acquired a title to any excess over the homestead, and perhaps to the reversionary estate after the expiration of the defendant's homestead. The Act forbidding the sale of such reversionary estates had not been passed when the purchase in question was made. That Act was ratified 25th March, 1870. (Bat. Rev. ch. 55, § 26.) Upon the question whether the reversionary interest passed or not, it is unnecessary to express any opinion.

III. The plaintiff then says that the defendant released his homestead estate to J. G. Moore by his deed of 2nd January, 1871, and that he (the plaintiff) as assignee of J. G. Moore, is entitled to the benefit of such release. *This makes the third issue.* The alleged release is in these words:

"STATE OF NORTH CAROLINA, ⎱
　　　　Alamance County. ⎰

MR. J. G. MOORE;

You will make the following arrangement for me, and I will pay you fifty dollars for the trouble you may be at in arranging the matter, and the loss you may have sustained in not getting the land *when you first bid it off.* Agree to pay Col. Jere. Holt the amount of his debt with eight per cent. interest *on or before the first day of January,* 1872. I hereby agree to sign any and all papers necessary to complete the above trade, *and hereby relinquish all right to a homestead until the said debt to Col. Jere. Holt is paid off, and your account of fifty dollars is paid.* Jan. 2, 1871."

"M. P. MOORE, [Seal.]"

"Witness: W. V. MONTGOMERY."

That this deed was effectual to release any previous irregularities in the sale we have said before herein. That it was also effectual to release the defendant's homestead to J. G. Moore, and to estop the defendant from setting up any claim at law to a homestead against J. G. Moore, we conceive to be too clear to admit of a dispute. Its terms are plain; no fraud is imputed in procuring its execution; it appears from the deed that the defendant knew of his right; and it was upon a valuable consideration, which is all that we can say at present upon the consideration, reserving an inquiry into the nature and extent of it for a future stage of this opinion. It does not appear that the defendant had any wife or child to be entitled to an interest in his homestead or to object to his releasing it. We think it is clear too, that J. G. Moore had a right to assign his bid for the land to the plaintiff and it is quite immaterial whether the defendant knew of or consented to such assignment or not. We think also that J. G. Moore *might* assign his interest as purchaser with the benefit and burden of the defendant's deed of January 2nd,

1871. The objection to this assignment, because the defendant did not have notice of it, borders on the frivolous. *Brooks* v. *Ratcliff*, 11 Ire. 321. Cannot a purchaser at execution sale deal with his own, without consulting the defendant in the execution? We are also of opinion that in the absence of any thing to the contrary, it will be presumed that J. G. Moore *did* assign to the plaintiff the benefit of the defendant's release of his homestead. When the plaintiff by agreement with J. G. Moore undertook to perform. and did, at least in part, perform the conditions of that deed by paying the debt to Holt, it would be unreasonable to suppose that the parties did not intend that he should have the benefit of which such payment was in part the price. If there could be any doubt on this question, J. G. Moore is the only person who could contest the plaintiff's right and he does not appear to do so.

The issue therefore must be determined for the plaintiff.

Our opinion on these issues disposes of the *legal* claim of the plaintiff and of the *legal* defences of the defendant, and upon the *legal* title to the land the plaintiff is entitled to a judgment in his favor.

IV. The defendant however says by way of equitable counter claim, that he ratified the Sheriff's sale and released his homestead to J. G. Moore on certain conditions, covenants or trusts, viz; that upon defendant's payment to Moore of the Holt debt, which J. G. Moore was to pay, and fifty dollars, J. G. Moore would re-convey to him the land purchased; that the plaintiff as assignee of J. G. Moore had actual notice of the covenants or trusts which Moore had assumed; and that whether he had notice or not, yet as he claims the benefit of the release of the homestead of which the performance of the covenants or trusts was the consideration, he is bound to their performance, and cannot be allowed to take benefit from one part of the deed and repudiate the other.

It will be seen that this defence is purely equitable, and pre-supposes a determination of the legal title in favor of the plaintiff. Under our former system of procedure, it would have been asserted in a Court of Equity after such determination in a Court of law and execution on the judgment at law would have been stayed until the equitable defence could be passed on. Although it is now set up, and is to be tried in the same action with the question as to the legal title, yet we think it would have been competent for the Judge of the Superior Court, and perhaps more convenient, to postpone the hearing of it until after the legal title had been determined. The determination of the legal title in the plaintiff, is in fact a necessary preliminary to the consideration of this defence.

This the Judge seems in fact to have done, although perhaps without having in his mind at the time a clear idea of the nature of the defence or an intention to postpone it. For it will be seen by any one who chooses to examine the obscure record in this case, that the defence is not stated in the pleadings with any distinctness.; neither does the Judge directly or positively decide on it, although by rejecting the evidence about a horse alleged to have been given by the defendant in part payment of his debt to J. G. Moore, *upon another ground*, the Judge seems to imply that such defence existed and was considered by him, for if no such defence had been set up, there would have been no debt to which the alleged payment would be applicable. We proceed now to consider the merits of this defence.

It is a settled principle of law that a grantee who accepts a deed poll containing covenants or conditions to be performed by him as the consideration of the grant, becomes bound for their performance although he does not execute the deed as a party ; *Staines* v. *Morris*, 1 Ves. and B. 14 ; *Finley* v. *Simpson*, 4 Zab. (N. J.) 311, where a learned counsel has collected probably all the authorities on the question up to that date.

In the present case it is clear from the terms of defendant's deed of 2nd January, 1871, that on the payment by defendant of a certain sum, J. G. Moore covenanted that defendant should then have a homestead in the land.

As however J. G. Moore had acquired, or it was contemplated that he would acquire, through the Sheriff's deed and defendant's release of his homestead, a full legal title to the land, it was necessary that on payment by defendant, J. G. Moore should convey to defendant either a *homestead estate or the whole estate* which J. G. Moore acquired as aforesaid. The extent of this covenant is the only question in the case which admits of any doubt. As it was not decided in the Court below it is not before us for decision and we will not decide it. Neither is it necessary to say whether the question is one to be decided by the Judge as one of law, *from the deed alone*, or by the jury under the instructions of the Judge as a mixed question of fact and law, that is, *upon the terms of the deed in connection with the circumstances dehors.*

We agree with the defendant that the plaintiff is bound to the performance of the implied covenants just as J. G. Moore was. He either took the assignment of J. G. Moore's bid with notice of the covenants whatever they may be held to be, or else by bringing this action for the land denying the homestead, he has elected to take the benefit of the release in the deed, and thereby assumed a liability to the covenants of J. G. Moore on the performance of which the release was conditioned.

V. The defendant says he has paid the plaintiff part of the sum which by said deed he was to pay before claiming his homestead, and is willing and ready to pay the residue. To ascertain how much he has paid it will be necessary to take an account which can be done by a reference.

The parties undertook to take this account before a jury upon the trial of other issues, and before the defendant's right to an account had been determined. This was prema-

ture and impracticable. The Judge should have reserved the taking of the account until after all the other issues between the parties had been decided. It is not positively necessary therefore to consider the competency of the evidence offered touching the payment to the plaintiff in a horse. The Judge excluded the evidence as not tending to prove the fact alleged. As the same question may arise upon a reference it may be well enough to say that we think the evidence offered was competent. Of course we express no opinion on its weight. The chief difficulty of this case does not arise from any doubtful facts or uncertain law, but from the necessity of extricating the material facts and the claims of the parties from a confusion produced by a disregard of the established rules of pleading on the part of both parties, and to a failure to preserve equitable rights and to determine the several issues in their due and logical sequence.

The judgment of the Court below so far as it adjudges the legal title to the land to be in the plaintiff is affirmed. Execution will be restrained until the equitable defence of the defendant shall be determined, and until the order of the Judge of the Superior Court. The plaintiff will recover costs in this Court.

PER CURIAM. Judgment accordingly.