BATTERY PARK BANK et al *v.* J. H. LOUGHRAN et al.

(Decided May 3, 1898.)

*Action on Note for Purchase Price of Land—Sale of Land— Bond for Title—Power of Sale—Conditions in Notes— Liability of Vendee for Purchase Money—Vendor, Ability of to Make Good Title—Statute of Limitations—Pleading.*

1. The Statute of Limitations must be pleaded if a party wishes to rely upon that defence.

2. Where a vendee of land executed notes for the purchase price which recited that they were secured by bond of even date therewith and accepted from the vendor a bond to make title to the vendee upon payment of the notes, such bond containing a power of sale in case the notes should not be paid at their maturity; *Held,* that the vendee was bound by the power though he did not sign the bond.

3. Where a vendor sells land to a vendee and gives bond to make title upon the payment of the purchase money notes and stipulates in the bond that he shall have power to sell the land upon non-payment of the notes, he can, after selling the land and applying the proceeds to the credit of the notes, sue for the deficiency, provided that he had a good title to the land when he sold under the power.

4. Where notes for the purchase money of land stipulated that, upon non-payment of the interest, all the notes should become due and contemporaneously with said notes the vendor executed and delivered a bond to make title upon the payment of the notes and reserved to himself the power to make sale of the land upon non-payment of the notes; *Held,* that, the execution of the bond and notes being a part of the same transaction, all the notes became due on the default in payment of interest and the power to sell the land accrued to the vendor.

5. It is not necessary that one who contracts to sell land shall have a good title at the time of the contract; it being sufficient if he perfects his title before he is called upon for the conveyance or before he calls upon the purchaser for the purchase money.

6. In an action for the balance due on notes given for the purchase of land which the vendor had sold under a power authorizing him to sell upon the non-payment of the notes the defendant alleged as a

defence that the plaintiff did not have title at the date of the contract or at any time thereafter; *Held,* that an issue should have been submitted as to whether the plaintiff could have made the defendant a good and indefeasible title to the land on the day of the sale under the power.

7. The allegation of defective title is a matter of defence and not a counter-claim, and the burden is on the party alleging it.

CIVIL ACTION tried before *Timberlake, J.,* and a jury at July Special Term, 1897, of BUNCOMBE Superior Court. There was a verdict for the defendant and from the judgment thereon the plaintiffs appealed. The facts appear in the opinion.

*Mr. T. H. Cobb* for plaintiff (appellant).
*Mr. W. W. Jones* for defendant.

FURCHES, J.: On the 7th day of July, 1890, the plaintiff Bostic bargained and sold to the defendant Loughran (and two other persons, not parties to this action) three lots of land in or near the city of Asheville. The purchasers executed to the plaintiff Bostic the six promissory notes mentioned in the complaint and the plaintiff Bostic executed a bond, in the sum of $1,000, conditioned to make the purchasers a title to said land upon the payment of the notes. This bond contains a power of sale authorizing Bostic, upon the nonpayment of the notes at maturity, to sell the land mentioned therein, and to apply the proceeds of sale, or a sufficient amount thereof, to pay off and satisfy said notes; and this bond was signed, sealed, and delivered to the defendant by Bostic, and soon thereafter admitted to probate and registered. Each of the notes state that they are secured by a bond on real estate, of even date with said note; and they further state that it is understood and agreed that, if the interest on said notes, which is

to be due and paid semi-annually, shall not be promptly paid upon its falling due, then and in that event, the whole indebtedness shall become due.    Three of these notes are to become due two years after date, and the other three are to become due three years from date.

No part of said notes having been paid, except what the land brought when sold under the power in the bond, the plaintiff Bostic brought suits on said notes in a justices court, where he recovered judgments, from which the defendant appealed to the Superior court, where these suits were consolidated, and the case continued until December Term, 1895, when a non-suit was taken; the plaintiff bank and the plaintiff Merrimon, trustee, having before this become parties plaintiff with Bostic.

The plaintiff Bostic, being indebted to the plaintiff bank, on the — day of September, 1892, assigned said judgments to said bank as collateral security; and on the 27th day of February he made a general assignment to the plaintiff J. G. Merrimon, trustee, for the benefit of his creditors, in which he again assigned these judgments, subject to the rights of the plaintiff bank.    On the 14th of February, 1896, the plaintiffs Bostic, the bank, and Merrimon, trustee, commenced this action. To this action the defendant answers, admitting the purchase of the property, the execution of the notes, and their non-payment, and the execution of the bond for title by the plaintiff Bostic.    But he alleges that the plaintiff Bostic did not have the title to said lands at the time he made said contract, or at any time thereafter. And defendant further alleges that, if he ever had title to said lands, since the date of said contract, the plaintiff Bostic had sold and conveyed the same to another party, and that he is now unable to

make defendant a title, and should not be allowed unjustly to collect these notes out of defendant. And defendant also pleads the lapse of time, and the bar of the statute of limitations.

It is not claimed that plaintiffs action was barred at the commencement of the actions before the Justice of the Peace, and the record shows, and it is not denied, that this action was commenced within less than one year's time from the date of the judgment of non-suit. Plaintiffs contend that these facts being shown, and not denied, their cause of action is not barred. *Code*, Section 166. And this applies to the new parties (Bank and Merrimon) as well as to Bostic. *Martin* v. *Young*. 85 N. C·, 156; *Whetstine* v. *Wilson*, 104 N. C., 385.

Indeed, it seems that the Statute of Limitations was not pleaded to the three notes last falling due, and this being so, the defendant could have no benefit on account of the lapse of time, as the Statute of Limitations must be pleaded if the defendant wants the benefit of this defence. *Albertson* v. *Terry*, 109 N. C., 8.

The general rule, undoubtedly is, as contended by defendant, that the plaintiff must be able to make a good title to land contracted to be conveyed before he will be allowed to collect the purchase money. This was admitted by plaintiff. But it is not necessary that plaintiff shall have such title at the date of the contract of sale. This may be perfected after that time and before he is called upon to make title, or before he calls upon the purchaser for the purchase money. And it seems that he may do this even at the time of trial. *Clanton* v. *Burgess*, 17 N. C., 13; *Crawley* v. *Timberlake*, 37 N. C., 460; *Love* v. *Camp* 41 N. C., 209; *Hughes* v. *McNider*, 90 N. C., 248.

But this general rule that plaintiff must have title

and be able to convey such to the defendant at the commencement of the action, or at the time of trial, does not apply in this case, if the plaintiff Bostic had a good title at and before the time of the sale and conveyance complained of by defendant.

The plaintiff Bostic admits that he has sold and conveyed the land named in the bond, and for which the notes in suit were given, to another person. But he alleges that he had a good title to said land; that he so informed the defendant and demanded payment; that defendant neglected and refused to pay, and that he advertised and sold the land under the power contained in the bond for title, and applied the purchase money on the notes of defendant given for the land and now sued on.

The plaintiff had introduced the six notes in evidence, and the defendant for the purpose of making out his defence that the notes were given as the price of land that the plaintiff Bostic had since sold and conveyed, introduced the bond. But he contended that the plaintiff could not avail himself of the condition and power of sale contained in the bond, for the reason that he had not replied to his answer, and also, for the reason that it was a covenant or power contained in the bond of plaintiff Bostic; that defendant had not signed the bond and was not bound by it, and that it conferred no power on Bostic from him to sell said land.

This case is one of first impression, so far as we are informed by our Reports of adjudged cases, of a power of sale to the grantor in a bond for title. And whether it is a practice that ought to be encouraged is not for us to say, but it is our duty to put a construction on the transaction. The bond and notes sued on were all executed at one time, the notes referring to the bond as a

security for their payment. They form a part of the same transaction, and are to be considered together. This may aid us to some extent in arriving at a proper construction. *Howell* v. *Howell*, 29 N. C., 491; *Moring* v. *Dickerson*, 85 N. C., 466; *Arthur* v. *Beckwith*, 13 Am. St. Rep., 344. But while the defendant did not sign the bond, he accepted it from the plaintiff Bostic, and offered it in evidence as a part of his defence in showing that Bostic had sold the land for which the notes were given. This being so, he was bound to accept its burdens as well as its benefits. *Maynard* v. *Moore*, 76 N. C., 158; *Long* v. *Swindell*, 77 N. C., 176. And if the power contained in the bond authorized Bostic to sell, the defendant is bound by it.

Where a party sells land and gives bond for title when the purchase money is paid, the vendor retains the legal estate in the land while the vendee has an equitable estate in the same. In such case, either party has the right to compel a specific performance of the contract. The parties sustain substantially the same relation to each other as that of mortgagor and mortgagee—the vendor sustaining the relation of mortgagee, and the vendee that of mortgagor. *Ellis* v. *Hussey*, 66 N. C., 501; *Green* v. *Wilbar*, 72 N. C., 592; *Allen* v. *Taylor*, 96 N. C., 37. This being so, we see no reason why the same principle that would govern in like cases, between mortgagee and mortgagor, should not govern in this case. And Bostic occupies the position of mortgagee of these lands, as security for the payment of the six notes, with a power to sell from the defendant; the notes not being paid, and Bostic as mortgagee selling under the power and applying the money on the debt as directed in the power; the money arising from the sale not being

122—43

·sufficient to pay the debt secured; can it be contended that the mortgagor, the defendant in this case, would not be liable to a personal judgment for the balance of the debt? We can see no reason why he is not. So, while this case upon the facts stated seems to be new, it is susceptible of solution upon well established principles of law.

The plaintiff Bostic being authorized and empowered by the defendant to sell upon the failure to pay, the defendant is estopped and can take no benefit of the fact that Bostic has disabled himself from making a title to the defendant by this sale. But as the plaintiff Bostic was bound to make the defendant a good title, had he paid for the land, he must have been in a condition to have done so at the time of the sale under the power in the contract. The power of sale did not relieve him from this burden. It will not do to say that he has satisfied his part of the contract by selling a defective title, for which he realized but a pittance and in that way throws the burden of a defective title on the defendant. Therefore, the issue should have been, Was the plaintiff Bostic able to make the defendant a good and indefeasible title to said land on the day he sold the same under the power contained in the bond for title?

The allegation of defective title is a matter of defence and not a counterclaim (*Code*, Section 268) and the burden is on the defendant. *Fitzgerald* v. *Shelton*, 95 N. C., 519; *Hughes* v. *McNider*, 90 N. C., 248.

The execution of the bond and the six notes all being a part of the same transaction, upon the failure to pay the interest when it fell due all the notes became due according to the stipulations therein contained. *Marling* v. *Bronson*, 56 N. W. Rep. 205.

There were other matters discussed, but the view we

DOUBLEDAY *v.* ICE AND COAL COMPANY.

take of the matter makes it unnecessary for us to consider them, and we have not done so.     There is error.

New trial.