A. R. HERRING v. WALLACE LUMBER COMPANY AND CUMBER-
LAND LUMBER COMPANY.

(Filed 5 November, 1913.)

1. Deeds and Conveyances—Stipulations—Performance by Grantee.
    The grantee in a deed is bound by stipulations or covenants
    contained in the deed which purport to bind him, though he may
    not have executed it.

2. Same — Assignee with Knowledge — Timber — Reduced Price—
    Breach of Contract—Measure of Damages—Railroads.
    Where one has taken an assignment of an entire contract, with
    full knowledge of its terms, and has accepted the benefits thereof,
    he must also come under the burdens imposed therein upon his
    assignor, and the legal liabilities incident to them; and it ap-
    pearing in this case that the plaintiff conveyed timber on his
    lands to a corporation for a reduced price, under the usual form
    of deeds of this character, the timber to be removed within a cer-
    tain period of time, upon consideration that the corporation

should build a standard-gauge railroad between certain points and running through the lands conveyed, by which the logs were to have been removed; and it further appearing that the present defendant took an assignment of this deed and the entire contract contained therein, with full knowledge of its terms and the conditions imposed on the grantee named therein; and is in the present ownership and enjoyment of the rights conveyed; and that the railroad agreed upon had not been built, it is *Held*, that the defendant, having elected to repudiate its obligation to construct the railroad, is bound under the general equitable principle of *indebitatus assumpsit*, to make good the loss which the plaintiff has sustained, to be properly admeasured by the difference between the contract price and the actual value of the timber; and further *Held*, that if the defendant or its assignor was not authorized to build a railroad of this character (Revisal, 2698), as it had contracted to do, this defense would not affect the result. *Herring v. R. R.*, 159 N. C., 382.

3. Pleadings—Allegations—Evidence—Prayer for Relief.

Where all the issuable and relevant facts relative to a recovery of damages for the breach of warranty and other stipulations in a conveyance of standing timber have been pleaded, and appropriate evidence has been introduced, it is immaterial that the prayer for relief in the complaint demands the penalty provided for in the deed, and damages in accordance with the pleadings and evidence may be recovered.

APPEAL by defendant Cumberland Lumber Company from *O. H. Allen, J.,* and a jury at the August Term, 1913, of SAMP-SON.

Civil action. The action was instituted to recover a stipulated penalty for failure to build a standard-gauge railroad over lands of plaintiff and others from Wallace, N. C., to Delway, N. C.

On a former trial and again on the present trial there was allegation, with proof, to the effect that on 8 July, 1908, plaintiff and other landowners in his neighborhood had bargained the lumber growing on their land to the defendant, the Wallace Lumber Company, and that the said company, in addition to the specified contract prices, had agreed to build over the lands of the grantors a standard-gauge railroad to Delway, N. C., and had stipulated, further, that the road should be completed and ready for transportation by March, 1908; that the timber should

be hauled out only on said railroad, and, on default in building said railroad, the company should forfeit and pay a sum equal to 10 per cent of the value of the timber for the first year and 2½ per cent for the second year, etc.; that subsequently the plaintiffs A. R. Herring and wife executed their formal deed, conveying the timber to the Wallace Company, with privilege of removing the same within ten years, etc., with the right and privilege of ingress and egress, etc., and of constructing all roads and railroads and tramroads, etc., necessary and required for the proper cutting and removal of the timber; and with the further intent to express the agreement between the parties, the deed in question contained the following provision: "That the said party of the second part shall construct and build a standard-gauge railroad from Wallace, N. C., or a point thereabout, to Delway, N. C., the same to be completed and ready for use and transportation on or before 15 March, 1908, and that the trees sold in this deed are not to be removed from the land except by said railroad. In case of failure to construct said railroad within the time specified above, then and in that case the said parties of the second part shall forfeit and pay to the said parties of the first part a sum equal to 10 per cent of the purchase price of said trees, and for each year thereafter 2½ per cent additional for five years, or until the ten years expire."

It was further proved that the timber had been sold to the company at a reduced price and below its actual value by reason of this provision as to constructing the railroad, and there was evidence tending to show the difference in amount. It further appeared that, soon after the execution of this deed, the Wallace Company conveyed and assigned to its codefendant, the Cumberland Lumber Company, the timber in question, together with "all the rights, title, and interest to all the standing timber and timber rights, together with all rights of way owned or controlled by the said party of the first part within the counties of Duplin, Sampson, and Pender, and all other rights, privileges, and easements conveyed and contained in the deeds hereinafter set forth, made and executed to the said party of the first part, and for a full description of said rights, easements, rights of way, timber and timber rights, reference is hereby made to said

deeds in the registers' offices in the said counties of Sampson, Duplin, and Pender," the deed of plaintiff to the Wallace Company being one of those referred to in the latter instrument.

In their answers, filed separately, both companies deny any and all liability for the stipulated penalty, claiming that the building of a standard-gauge railroad is not within the powers conferred by their charters, and also by reason of the inhibitive provisions of section 2598 of the Revisal.

At a former trial of the cause, the Superior Court judge having intimated an opinion against the right of plaintiff to make recovery, the plaintiff submitted to a nonsuit and appealed. On such appeal, the ruling of the lower court was reversed, and it was held that, although the stipulation as to building a standard-gauge railroad might be *ultra vires*—and this the Court did not decide—when it was made to appear that the purchaser had by reason of such stipulation obtained the timber at a reduced price, if he took advantage of such a position and the stipulation was avoided on that account, the vendor should be allowed to recover for the actual value of the timber sold, the proper measure of damages being the difference between the price paid and such actual value.

See opinion of *Associate Justice Walker,* for the Court, 159 N. C., 382, to which reference is also made for a very full and clear statement of the facts relevant to the questions then presented. This opinion having been certified down, and it having been made to appear that the Wallace Company was no longer existent, having been dissolved in accordance with the provisions of law, the questions at issue recurred on the liability of the Cumberland Company, and in addition to the facts admitted of record, issues were submitted and verdict rendered thereon as follows:

1. What, if any, is the difference between the actual value of the timber conveyed by the plaintiff and the price paid as set out in the deed? Answer: $900.

2. Did the Cumberland Lumber Company purchase from the Wallace Manufacturing Company the timber of the plaintiff with notice of the railroad clause and forfeiture clause set out in the original contract and deed with the Wallace Manufacturing Company? Answer: Yes.

3. What amount, if any, are the defendants indebted to the plaintiff? Answer: $900, with interest.

4. Is the plaintiff's cause of action set forth in his amended complaint barred by the statute of limitations? Answer: No.

There was judgment on the verdict, and the defendant the Cumberland Lumber Company excepted and appealed, assigning for error, chiefly, that, on the facts in evidence, the said company could not be in any way held for failure to construct the railroad.

*George E. Butler and R. L. Herring for plaintiff.*
*H. L. Stevens for defendant.*

HOKE, J., after stating the case: It is very generally held here and elsewhere that the "grantee in a deed poll, containing covenants and stipulations purporting to bind him, becomes bound for their performance, though he does not execute the deed." *Maynard v. Moore,* 76 N. C., 158, approved in *Long v. Swindell,* 77 N. C., 181; *Fort v. Allen,* 110 N. C., 191; *Bank v. Loughlan,* 122 N. C., 673; *Burbank v. Pittsburg,* 48 N. H., 475; *Bowen v. Beck,* 94 N. Y., 86; *Easter v. R. R.,* 14 Ohio State, 48; *Ga. So. Ry. v. Reeves,* 64 Ga., 492; Smith's Lead. Cases, 9 Amer. Ed., pp. 222-223.

This deed, therefore, from plaintiff and wife to the Wallace Lumber Company, in section VII, contains affirmative stipulation that the grantee "shall construct and build a standard-gauge railroad, to be completed, etc.; that the trees sold in this deed are not to be removed from the land except by said railroad, and, in case of failure, a pecuniary penalty of specified amount is collectible by the grantor, the plaintiff; and the defendant, the Cumberland Lumber Company, having taken an assignment of the entire contract, to wit, "all the rights, title, and interest to all the standing timber and timber rights, together with all rights of way, etc., and all other rights, privileges, and easements conveyed and contained in said deed," and being in the present ownership and enjoyment of these rights, etc., must come under the obligations of the covenant and be held responsible for the liabilities legally and necessarily incident to

it. In *Norfleet v. Cromwell,* 70 N. C., 634, reported also on a former appeal, 64 N. C., 1, defendant, the grantee of lands draining into a canal, was sued for his pro rata of necessary repairs thereto on a covenant made by defendant's grantor. After holding defendant liable by reason of the covenant, being one running with the land, the Court, on page 641 of the second appeal, proceeded as follows: "Independently of this, however, there are two arguments which might be out of place in a mere court of law, but which a court of equity is entitled to notice, that must be considered conclusive of the question:

"1. The consideration for the covenant was the grant of an easement which became appurtenant to the land, and passed with it to the defendant on his purchase. This easement he has accepted and enjoyed, and it is his only title to drain the land into the canal. The principle is generally conceded, and it is certainly equitable, that when the benefit and burden of a contract are inseparably connected, both must go together, and liability to the burden is a necessary incident to the right to the benefit. *Qui sentit commodum sentire debet et onus;* Notes to *Spencer's case,* 1 Smith L. C., 143; *Savage v. Mason,* 3 Cushing, 318; *Coleman v. Coleman,* 7 Harriss, 100." The principle is eminently sound and has been approved with us in different cases and in other courts of recognized authority. *Younce v. Lumber Co.,* 148 N. C., 34; *R. R. v. R. R.;* 147 N. C., pp. 368-385; *R. R. v. Bank,* 42 Neb., 469; *Smith v. Rodgers,* 14 Ind., 224.

The present defendant, then, having taken over the contract with full notice and knowledge of the terms, and being bound by its covenants to build the railroad, as far as this could be effected by agreement between the parties, has elected to repudiate the obligation, and, it having been fully established that this agreement to build the road over the land was allowed substantial effect in reducing the selling price of the timber, under the general equitable principle of *indebitatus assumpsit,* as stated in our former decision, the defendant should make good the loss which the plaintiff has suffered, to be properly admeasured by the difference between the contract price and the actual values.

The rights of the parties have been properly adjusted under these principles, and we find no reason for disturbing the results of the trial. It has been repeatedly held in this State that these contracts, conveying standing timber, are contracts concerning realty, and must be so considered and dealt with in determining the rights of the parties, and, this being true, several of the authorities heretofore cited are to the effect that the covenant in question here is one running with the land (*Norfleet v. Cromwell, supra; Ga. Ry. v. Reeves, supra; Burbank v. Pittsburg, supra*), and as such binding on the present owner to the extent that the same is lawful, whether with or without notice; see generally on this subject, the well considered case of *Wiggins v. Pender,* 132 N. C., 628; but, it having been clearly established that the Cumberland Company has taken an assignment of the entire contract, with full notice and knowledge of its terms, we rest our decision on the principle that this company, having accepted the benefits of the contract, must also come under its burdens and the legal liabilities incident to them. We are not unmindful of the fact that the suit was instituted to collect the penalty, and that this is the specific prayer for relief, but all of the issuable and relevant facts having been made to appear both by allegation and proof, the relief may be awarded according to the facts established, and the prayer for relief is not of the substance. There is no error, and the judgment in plaintiff's favor must be

Affirmed.