### HENRY C. BALLARD v. W. A. BOYETTE.

(Filed 15 September, 1915.)

**1. Specific Performance—Part Performance—Sale of Realty.**

The doctrine of enforcing a parol contract to convey land on the ground of part performance does not prevail in North Carolina.

**2. Vendor and Purchaser—Parol Sale—Repudiation—Effect.**

Where the owner of land makes a parol contract to sell it, he cannot repudiate the agreement and retain benefits received, whether money on the purchase price or the enhanced value of the land by reason of improvements.

### 3. Trusts—Parol Agreement—Transferring Land.

Where there was a verbal agreement between plaintiff, defendant, and the party conveying the land to the plaintiff, that the plaintiff, on payment of the price to him by defendant, should convey to the defendant, there was a valid and enforcible parol trust in defendant's favor.

### 4. Vendor and Purchaser—Parol Contract of Sale—Recovery for Improvements.

Where defendant, vendee of land under a parol contract repudiated by the vendor, sought to recover for improvements, seeking relief under the general principles of equity, it was no objection that defendant showed no color of title, as required in a proceeding under Revisal 1905, sec. 652, providing that any defendant against whom a judgment shall be rendered for land may, before execution, petition the court, stating that he, while holding the premises under color of title, made permanent improvements, etc., and that a jury may assess plaintiff's damages and defendant's allowances for improvements.

APPEAL by plaintiff from *Whedbee, J.,* at March Term, 1914, of GATES.

This is an action to recover land, in which the defendant alleged in his answer that at the time of the execution of the deed to the plaintiff, under which he claims, an agreement was entered into between the vendor and the plaintiff and the defendant that title should be made to the plaintiff and that he would reconvey the land to the defendant upon the payment of the purchase price. This was denied by the plaintiff, and he refused to recognize any rights of the defendant in the land.

The defendant testified upon the trial that the plaintiff. Ballard purchased the land and took deed in his own name upon a parol contract and understanding at the time that he (the defendant) should pay the purchase money, and, upon doing so, that the plaintiff would convey the title to him; that he entered into possession under this contract, and paid $157.50 of the purchase money, and made material improvements upon the land. The plaintiff offered evidence to the contrary. At the time of the execution of the deed to the plaintiff he executed a deed of trust to the trustee, John E. Vann, to secure the purchase price.

The jury returned the following verdict:

1. Is the plaintiff the owner and entitled to the possession of the land described in the complaint? Answer: "Yes."

2. What was the rental value of the said land for the years 1913, 1912, 1911, 1910, 1909, 1908, and 1907? Answer: "1913, 1912, 1911, $90; 1907, 1908, 1909, 1910, $15."

3. What amount of money did defendant pay Mr. Vann, or to the plaintiff Ballard, on account of interest on the note of plaintiff? Answer: "$74.25."

4. What permanent improvements has the defendant placed on the said land under the *bona fide* belief that he was the equitable owner of said land? Answer: "$200."

Judgment was entered upon the verdict in favor of the defendant, his rights, however, being subordinated to the right of Vann, trustee, and the plaintiff appealed.

*Smith & Banks and Ehringhaus & Small for plaintiff.*
*A. P. Godwin and Ward & Grimes for defendant.*

ALLEN, J. The doctrine of enforcing a parol contract to convey land upon the ground of part performance does not prevail in this State. *Ellis v. Ellis,* 16 N. C., 341; *Rhea v. Craig,* 141 N. C., 610. But it is well settled that the owner of land who has entered into a contract of this character cannot repudiate the contract and retain the benefits which he has received under it, whether in the form of money paid upon the purchase price or of the enhanced value of the land by reason of improvements. *Albea v. Griffin,* 22 N. C., 9; *Luton v. Badham,* 127 N. C., 96; *Kelly v. Johnson,* 135 N. C., 647; *Ford v. Stroud,* 150 N. C., 364. As was said in *Pitt v. Moore,* 99 N. C., 90: "Whatever may have been the ancient rule, it is now well settled by many decisions, from *Baker v. Carson,* 21 N. C., 381, in which there was a divided Court, but *Ruffin, C. J.,* and *Gaston, J.,* concurring, and *Albea v. Griffin,* 22 N. C., 9, by a unanimous Court, to *Hedgepeth v. Rose,* 95 N. C., 41, that where the labor or money of a person has been expended in a permanent improvement and enrichment of the property of another by a parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched, 'without compensation for the additional value which these improvements have conferred upon the property,' and it rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act."

The position of the defendant is, however, stronger than this, because, when the verdict is considered in connection with the pleadings and the evidence, an agreement is established to convey the land to the defendant upon the payment of the purchase price, entered into between the plaintiff and the party who conveyed to him, and the defendant, at the time of the transmission of the legal title to the plaintiff, and this constitutes a valid and enforcible parol trust. *Wood v. Cherry,* 73 N. C., 110; *Sykes v. Boone,* 132 N. C., 202. And the plaintiff, having refused to perform his part of the contract, cannot retain benefits received thereunder. 6 Ruling Case Law, 936. The case of *Wood v. Tinsley,* 138 N. C., 507, if otherwise applicable, has no bearing, as the right of Vann, trustee, is given priority in the decree over the rights of the defendant.

The objection of the plaintiff that the defendant cannot recover for improvements made, because he has shown no color of title, would be important if the defendant was proceeding under the statute (Rev., 652); but it appears that he is not doing so, and, on the contrary, is seeking relief upon familiar equitable principles.

No error.