PURE OIL CO. OF THE CAROLINAS v. F. J. BAARS ET AL.

(Filed 8 November, 1944.)

**1. Contracts § 9—**

Where a contract is entire, whether in one or several instruments, the whole contract stands or falls together.

**2. Mortgages § 24: Specific Performance § 1—**

Upon conveyance of real and personal property by plaintiff to defendants, who as part of the same transaction and at the same time gave plaintiff an option to repurchase the said property and executed to plaintiff's attorney, as trustee, a deed of trust thereon securing a debt, plain-

tiff having exercised its option, in a suit for specific performance, judgment was properly entered for plaintiff.

**3. Equity § 1a—**

    If defendants would avoid their contract of option, given to plaintiff on certain property at the time the property was acquired and as part of the same transaction, they must surrender the property so acquired. He who seeks equity must do equity.

APPEAL by defendants, F. J. Baars and J. A. Harrell, individually and as partners composing the firm of Duplin-Pender Oil Company, from *Frizzelle, J.,* at March Term, 1944, of DUPLIN.

Civil action for specific performance of option and contract to convey land and partnership properties.

The suit was originally instituted against F. J. Baars, individually, and as a member of the partnership, Duplin-Pender Oil Company, composed of F. J. Baars and J. A. Harrell. At the instance of Baars, an order was entered making J. A. Harrell, the other member of the partnership, and W. F. Wimberly, Trustee in deed of trust, parties defendant. They came in voluntarily and filed answers before the referee, after an order of compulsory reference had been entered in the cause.

Over a period of years, the plaintiff had built up an oil business in Duplin and Pender counties, with its bulk plant at Wallace, N. C., from which it distributed its petroleum products to 35 filling stations scattered throughout the territory. From 1934 to 1939, J. A. Harrell was agent and manager in charge of plaintiff's business and operated it on a commission basis.

On 14 March, 1939, Harrell and Baars formed a partnership under the name of Duplin-Pender Oil Company and took over the business on a "jobber basis," or as distributors, pursuant to agreement evidenced by the following executed instruments:

1. Deed from plaintiff to partnership for bulk station and plant at Wallace, exclusive of storage tanks.

2. Option from partnership to plaintiff to purchase the property at any time within one year, with automatic renewal from year to year, subject to cancellation on 60-days' written notice prior to expiration of the then current period.

3. Deed of trust from partnership to W. F. Wimberly, Trustee, to secure indebtedness to plaintiff of $11,663.27. The trustee was and is attorney for plaintiff.

4. Lease agreement from plaintiff to partnership for all service stations in the territory owned or held by it under lease.

5. Distributors' sales agreement.

Within eleven months the partnership fell behind in its open account with the plaintiff to the amount of approximately $7,000. Whereupon, on 23 January, 1940, the parties entered into a further agreement permitting the plaintiff to exercise its option to purchase the property, to be avoided, however, upon payment of the open account on or before 2 February, following. The open account was not paid within the time specified, so J. A. Harrell and wife executed to plaintiff deed for one-half undivided interest in the partnership property. The defendant, F. J. Baars, declined to sign deed for his one-half interest in the property in accordance with the agreement of 23 January, because "my wife would not sign it and I decided not to sign it." This suit is to enforce compliance.

Both Baars and Harrell now take the position that the agreement of 23 January, 1940, is voidable, because of the relation of mortgagor and mortgagee, existing between the parties at the time—the deed of trust being in fact a mortgage since the trustee named therein was and is attorney for plaintiff—and the option given to the plaintiff runs counter to the rule against perpetuities, and is therefore void. For these reasons Harrell says he is not estopped by his deed for one-half undivided interest in the partnership property. They set up counterclaim for return of the property and for an accounting.

The referee found the facts in favor of the plaintiff, and recommended judgment accordingly.

The defendants, Baars and Harrell, filed exceptions, tendered issues and demanded a jury trial.

The court held that the defendants were not entitled to a jury trial, overruled their exceptions to the report of the referee and entered judgment confirming the report.

The defendants, F. J. Baars and J. A. Harrell, appeal, assigning errors.

*R. Gregg Cherry, R. D. Johnson, and John G. Dawson for plaintiff, appellee.*

*Beasley & Stevens for defendants, F. J. Baars and J. A. Harrell, appellants.*

STACY, C. J. It is conceded that the right to a jury trial has been preserved and that it should be accorded, unless upon the whole record the plaintiff is entitled to recover in accordance with the ruling below.

The allegations of imposition rest upon the legal effect of naming plaintiff's attorney trustee in the deed of trust, and the significance of the automatic renewal provision in the option to purchase. The defend-

ants say that the trustee is a representative of the plaintiff, which converts the deed of trust into a mortgage as a matter of law, *Mills v. B. & L. Asso.,* 216 N. C., 664, 6 S. E. (2d), 549, and that the automatic renewal provision in the option to purchase does violence to the rule against perpetuities and renders the option void. *Starcher v. Duty,* 61 W. Va., 373; *Barton v. Thaw,* 246 Pa. St., 348.

The defendants seem to overlook the fact that, with their written consent, the option was exercised on 23 January, 1940, and one of the appellants, J. A. Harrell, has already complied with this agreement. Baars at first put his declination on the ground that his wife would not sign the deed and that he had also decided not to sign it. He now gives a different reason for his refusal. *McAden v. Craig,* 222 N. C., 497, 24 S. E. (2d), 1.

Moreover, the option is an integral part of the transaction, and it would be inequitable to allow the defendants to claim the property under deed from the plaintiff and at the same time annul the essential terms of its acquisition. If the option is to go out, so must the deed which induced it. *Wooten v. Walters,* 110 N. C., 251, 14 S. E., 734. The result, therefore, would be the same whether upheld or rejected. As the defendants have already made their choice by the agreement of 23 January, 1940, no useful purpose would derive from executing a circular performance in the courts.

The defendants themselves confirm the conclusion that the several instruments, which were executed contemporaneously and which pertain to the same transaction, are to be considered as competent parts of the understanding between the parties. Harrell and Baars both say the instruments are "all a part of one and the same transaction." *Peeler v. Peeler,* 202 N. C., 123, 162 S. E., 472; *Perry v. So. Surety Co.,* 190 N. C., 284, 129 S. E., 721. Where a contract is entire, the whole contract stands or falls together. *Dolan v. Lifsey,* 19 Ga. App., 518, 91 S. E., 913. If the defendants would avoid the option, and call this equity, then they must do equity by surrendering the property which they acquired at the time of the transaction. *Ferguson v. Blanchard,* 220 N. C., 1, 16 S. E. (2d), 414. It will not do to affirm the contract in part and repudiate it in part. This was the conclusion of the referee which the trial court upheld.

The correct result seems to have been reached in the court below. It will not be disturbed.

Affirmed.