MANLEY J. WILLIAMS ET AL. v. J. EMORY JOINES ET AL.

(Filed 5 November, 1947.)

**1. Deeds § 16d—**

In this action by grantors to enforce resale and reconveyance of the land pursuant to stipulation contained in the deed poll, defendant grantee pleaded the statute of frauds. G. S., 22-2. *Held:* The deed was competent in evidence as constituting the written contract between the parties, irrespective of whether the statute of frauds precludes the remedy of specific performance, and the judgment of involuntary nonsuit suffered by plaintiffs upon the exclusion of the deed from evidence is reversed.

**2. Deeds § 16a: Mortgages § 1—**

A clause in the deed which provides for a reconveyance on the conditions stated, nothing else appearing, would seem to stamp the transaction as a conditional sale and not a mortgage.

**3. Deeds § 16a—**

Grantee in a deed poll, containing covenants and stipulations purporting to bind him, becomes bound for their performance, though he does not execute the deed, since he who takes the benefits of a contract must assume its burdens, or else bear the consequences attendant thereon.

SEAWELL, J., concurring in result.

APPEAL by plaintiffs from *Warlick, J.,* at June Term, 1947, of WATAUGA.

Civil action by grantors to enforce resale and reconveyance of land pursuant to stipulation in deed poll.

It is alleged that on 17 March, 1945, the plaintiffs conveyed to Emory Joines, then unmarried, a lot with buildings, situate in the Town of Boone, by general warranty deed duly registered in Watauga County; and further, that on or about the same day, the grantee agreed to sell the property back to the plaintiffs, one year from date of deed, at plaintiffs' election, and this agreement was inserted in the deed, immediately following the description of the property, in words and figures as follows:

"Provided that said party of the second part agrees to sell . . . said property back to said parties of the first part for the sum of $4,000 one year from date of this deed, provided said parties of the first part so desire."

Plaintiffs further allege that on 15 February, 1946, the defendant was duly notified of plaintiffs' desire to repurchase the property in accordance with the agreement, and the repurchase price was tendered, which the defendants refused, and they still refuse to reconvey the premises as per stipulation in the deed.

Wherefore, plaintiffs asks for specific performance and for such other and further relief as may be meet and proper.

It is alleged in the answer that the purchase price of the property was $4,100; that the stipulation concerning the resale for $4,000 was not in the deed when shown to defendant and approved by him, and was not discovered by him until after the deed had been registered. It is further alleged that this provision was fraudulently inserted in the deed by M. J. Williams, as he knew the defendant intended to improve the property; and in resistance to plaintiffs' demand for specific performance, the defendants plead the statute of frauds. G. S., 22-2.

On the hearing, the plaintiffs were not allowed to offer the deed in evidence, because not signed by the party sought to be charged, or by any other person by him thereto lawfully authorized. Whereupon, the plaintiffs suffered an involuntary nonsuit and appealed.

*Louis H. Smith and James C. Farthing for plaintiffs, appellants.*
*Trivette, Holshouser & Mitchell for defendants, appellees.*

STACY, C. J.   It is alleged that the deed in question constitutes the written contract between the parties. It was therefore competent for the plaintiffs to offer it in evidence as a part of their case.

The clause in the deed which provides for a reconveyance on the conditions stated, nothing else appearing, would seem to stamp the transaction as a conditional sale. *Poindexter v. McCannon,* 16 N. C., 373; *King v. Kincey,* 36 N. C., 187, 36 Am. Dec., 40; *Waters v. Crabtree,*

WILLIAMS *v.* JOINES.

105 N. C., 394, 11 S. E., 240; *Gillis v. Martin,* 17 N. C., 470. "Generally, a conveyance of land between parties who do not bear the relation of debtor and creditor, made upon a stipulation that the grantor may repurchase, is a conditional sale and not a mortgage, . . ." 41 C. J., 326. See *Ferguson v. Blanchard,* 220 N. C., 1, 16 S. E. (2d), 414; *O'Briant v. Lee,* 212 N. C., 793, 195 S. E., 15; *S. c.,* 214 N. C., 723, 200 S. E., 865.

It is very generally held for law, here and elsewhere, that a "grantee in a deed poll, containing covenants and stipulations purporting to bind him, becomes bound for their performance, though he does not execute the deed." *Herring v. Lumber Co.,* 163 N. C., 481, 79 S. E., 876; *Henry v. Heggie,* 163 N. C., 523, 79 S. E., 982; *Bank v. Loughran,* 122 N. C., 668, 30 S. E., 17; *Long v. Swindell,* 77 N. C., 176; *Finley v. Simpson,* 2 Zab. (N. J.), 311, cited with approval in *Maynard v. Moore,* 76 N. C., 158.

We are not now concerned with the exact form or extent of recovery, but whether the case as made survives the demurrer. One who would take the benefits of a contract must assume its burdens, or else bear the consequences attendant thereon. *Oil Co. v. Baars,* 224 N. C., 612, 31 S. E. (2d), 854; *Ballard v. Boyette,* 171 N. C., 24, 86 S. E., 175; *Burns v. McGregor,* 90 N. C., 222. Suffice it for present purposes to say the deed should have been admitted in evidence, even if the plaintiffs be limited in their choice of remedies to an annulment of the contract or an assessment of damages. *Oil Co. v. Baars, supra.* It will be time enough, if then necessary, to consider the rights of the parties under the stipulation after the defendants' plea of *non est factum* has been determined. Its effect under the pleadings may well await this determination.

The judgment of nonsuit will be vacated and the cause remanded for further hearing.

Reversed.

SEAWELL, J., concurring in result: I concur in the conclusion that defendants' demurrer should have been overruled, but do not agree with the rationale of the opinion reaching that result. In the court below the deed or document upon which the plaintiff sued was made a part of the complaint; and properly speaking, the judgment was rendered upon the pleadings, the court holding erroneously, I think, that the contract on which the plaintiff sued was a contract for the sale of an interest in land, unsigned by the party to be charged, and, therefore, in contravention of G. S., 22-2, the statute of frauds. The case was tried upon that theory in the court below and so argued here, and I am of the opinion that the contending parties correctly divined the determinative issue in the case, pitched their battle upon the only line which the circumstances justified, and are entitled to a deliverance from this Court which might aid both them and the trial court in determining the controversy.

I do not think it amiss to say that my view of the document in controversy differs widely from that expressed in the main opinion, and the difference is such that compels me, regretfully enough, to express my disagreement. Further discussion may or may not be afforded at a later time, according to the course of events.