WILLIAM RAY BARRIER, HELEN C. BARRIER, R. MARET WHEELER, AND ELIZABETH H. WHEELER v. E. O. RANDOLPH, MARY I. RANDOLPH AND ALICE E. RANDOLPH.

(Filed 19 December 1963.)

**1. Appeal and Error § 3—**

The denial of a motion for judgment on the pleadings is not appealable and an attempted appeal therefrom is subject to dismissal as being premature, the proper procedure being to except to the denial of the motion and to bring the exception forward on an appeal from a final judgment.

**2. Appeal and Error § 2—**

Even though an appeal is subject to dismissal as premature, the Supreme Court, in the exercise of its discretionary power, may decide a question relating to real property sought to be presented by the appeal.

**3. Deeds § 11—**

A deed will be construed to ascertain the intent of grantor as expressed in the entire instrument, giving effect to every part thereof, unless the deed contains conflicting provisions which are irreconcilable or contains a provision which is contrary to public policy or runs counter to some rule of law.

**4. Deeds § 19—**

Restrictive covenants constituting a part of the consideration for the grant are binding on the grantee upon his acceptance of the deed, even though he does not sign same.

**5. Same; Deeds § 11—**

Reservations and restrictions contained in a deed between the description and the habendum are not void for repugnancy even though the granting, habendum, and warranty clauses are sufficient to convey a fee simple, since reservations and restrictions are not in conflict with the conveyance of the fee simple.

APPEAL by plaintiffs from *McLaughlin, J.,* April 22, 1963 Session of MECKLENBURG.

The hearing below was on plaintiffs' motion for judgment on the pleadings, which consist of the complaint, a copy of the deed attached thereto as Exhibit A and by reference made a part thereof, and the answer.

The facts alleged by plaintiffs and admitted by defendants, summarized except when quoted, are as follows:

The deed of which Exhibit A is a copy, referred to in the opinion as the Randolph-Austin deed, is dated March 24, 1950, and recorded in Book 1432, Page 93, Mecklenburg Registry. By the terms thereof, the present defendants and others conveyed to David Blair Austin and wife, Marian Robinson Austin, a tract of land in Sharon Township, Mecklenburg County, North Carolina, described by metes and bounds, containing 7.51 acres. The granting, habendum and warranty clauses are in terms of a conveyance in fee simple.

After the description, but before the habendum and warranty clauses, this provision is set forth: "And this Deed is made subject to the following conditions, reservations, and restrictions which constitute covenants running with the land and binding upon the parties hereto, their heirs and assigns, to wit": The conditions, reservations and restrictions are then set forth *in extenso* in eleven separate (numbered) paragraphs. They include, *inter alia*, restrictions that the property shall be used only for residential purposes, restrictions as to the size of lots in the event of subdivision, restrictions as to the location, cost and composition of any residence constructed thereon, etc. Too, they include reservations of rights of way for the installation of power and telephone lines.

Thereafter, through mesne conveyances, the 7.51-acre tract was conveyed to plaintiffs herein.

Plaintiffs allege that defendants claim an interest or estate adverse to plaintiffs in the said 7.51-acre tract based on the restrictions and easements set forth in Exhibit A, but that said restrictions and easements purport to limit the estate of plaintiffs "contrary to the granting clause and the habendum and the warranties" in Exhibit A and therefore are invalid and of no effect. Plaintiffs prayed that they be adjudged the owners in fee simple of the said 7.51-acre tract free and clear of any right or claim of defendants on account of the restrictions and easements set forth in Exhibit A.

Defendants denied the legal conclusions alleged by plaintiffs and asserted the restrictive covenants set forth in Exhibit A were and are valid and presently enforceable. Defendants prayed that plaintiffs' action be dismissed and that they recover their costs.

After hearing, the court, by order dated April 25, 1963, denied plaintiffs' motion for judgment on the pleadings. Plaintiffs excepted and appealed.

*John D. Shaw for plaintiff appellants.*
*McDougle, Ervin, Horack & Snepp and J. W. Kiser for defendant appellees.*

BOBBITT, J. There has been no adjudication of the rights of the parties. The court did not enter final judgment but simply denied plaintiffs' motion for judgment on the pleadings. It is well established that an appeal does not lie from a denial of a motion for judgment on the pleadings. The proper practice was for plaintiffs to except to the court's denial of their said motion and bring forward this exception in the event of their appeal from an adverse final judgment. *Howland v. Stitzer,* 240 N.C. 689, 692, 84 S.E. 2d 167; *Garrett v. Rose,* 236 N.C. 299, 304, 72 S.E. 2d 843; *Erickson v. Starling,* 235 N.C. 643, 658, 71 S.E. 2d 384, and cases cited; *Gilliam v. Jones,* 191 N.C. 621, 132 S.E. 566, and cases cited.

Plaintiffs' appeal must be dismissed as fragmentary and premature. Even so, in the exercise of our discretionary power (*Cowart v. Honeycutt,* 257 N.C. 136, 140, 125 S.E. 2d 382; *GMC Trucks v. Smith,* 249 N.C. 764, 768, 107 S.E. 2d 746) we deem it appropriate to express an opinion upon one, but only one, of the questions plaintiffs have attempted to raise by their fragmentary and premature appeal.

The one question we consider is that raised by plaintiffs' contention that *all* the "conditions, reservations and restrictions" set forth in the Randolph-Austin deed are repugnant to the granting, habendum and warranty clauses of said deed and therefore are surplusage and void *ab initio.* Plaintiffs base this contention upon *Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706, asserting in their brief that "the *Oxendine* Case is determinative of the controversy herein."

The rule applied in *Oxendine v. Lewis, supra,* and in decisions cited therein, is stated by *Parker, J.,* as follows: "We have repeatedly held that when the granting clause, the *habendum,* and the warranty in a deed are clear and unambiguous and fully sufficient to pass immediately a fee simple estate to the grantee or grantees, that a paragraph inserted between the description and the *habendum,* in which the grantor seeks to reserve a life estate in himself or another, or to otherwise limit the estate conveyed, will be rejected as repugnant to the estate and interest therein conveyed."

"In the interpretation of a deed, the intention of the grantor or grantors must be gathered from the whole instrument and every part

thereof given effect, unless it contains conflicting provisions which are irreconcilable or a provision which is contrary to public policy or runs counter to some rule of law." *Lackey v. Board of Education,* 258 N.C. 460, 462, 128 S.E. 2d 806, and cases cited; *Rouse v. Strickland,* 260 N.C. 491, 495, 133 S.E. 2d 151, and cases cited.

The sufficiency of the Randolph-Austin deed as a conveyance in fee simple of said 7.51-acre tract is not controverted. There is no contention it conveyed a life estate or other estate less than a fee simple.

In express terms, the Randolph-Austin deed provides that it is made subject to the conditions, reservations and restrictions therein set forth and that such conditions, reservations and restrictions constitute covenants. Indeed, the portion of the deed in which these conditions, reservations and restrictions are set forth constitutes the greater part of the entire (including description) deed. The intention of the grantors that such conveyance is made subject to such conditions, reservations and restrictions is manifest. Moreover, "(i)t is a settled principle of law that a grantee who accepts a deed poll containing covenants or conditions to be performed by him as the consideration of the grant, becomes bound for their performance, although he does not execute the deed as a party." *Maynard v. Moore,* 76 N.C. 158, 165; *Herring v. Lumber Co.,* 163 N.C. 481, 485, 79 S.E. 876; *Williams v. Joines,* 228 N.C. 141, 143, 44 S.E. 2d 738.

In *Lackey v. Board of Education, supra,* this Court, in opinion by *Denny, C.J.,* while recognizing and restating the rule applied in *Oxendine v. Lewis, supra,* held it did not apply to the deed then under consideration. The granting clause of that deed was in terms of a fee simple conveyance. Immediately after the description, this paragraph appeared: "It is also made a part of this deed that in the event of the school's disbandonment (failure) that this lot of land shall revert to the original owners, to wit: The said E. A. Lackey and wife, Ella M. Lackey, or their legitimate heirs, but it is also agreed that any and all improvements therein shall remain the property of the town of Hamlet, N. C." The habendum clause read as follows: "TO HAVE AND TO HOLD the aforesaid lot of or parcel of land, and all privileges and appurtenances thereto belonging, to the said parties of the second part, their successors and assigns, to their only use and behoof forever, for school purposes." The validity of the quoted reversion clause was upheld by this Court and was the basis of decision.

In *Guilford v. Porter,* 167 N.C. 366, 83 S.E. 564, the purpose of the action (treated as an action for declaratory judgment) was, in the language of Brown, J., "to get rid of these restrictions upon the use of the property . . ." The deed(s) under consideration, sufficient as

conveyances in fee simple, contained this clause: *"Provided, however,* and it is understood and agreed, that the said lot herein conveyed shall be used by the said parties of the second part as a public square and be forever kept open for that purpose, and should any building or structure of any character inconsistent with said purpose be erected thereon, the said party of the first part, his heirs or assigns, may enter upon the land herein conveyed and abate and remove any and all buildings or parts of buildings inconsistent with its use as aforesaid." The quoted provision in said deed(s) was between the habendum and warranty clauses. The validity of this provision as a restrictive covenant was upheld. The contention that it was repugnant to the estate in fee simple already granted and therefore should be rejected and treated as surplusage was made, expressly considered by this Court and rejected. See also *Church v. Bragaw,* 144 N.C. 126, 56 S.E. 688.

The foregoing impels us to express the view that *Oxendine v. Lewis, supra,* does not control decision and that the conditions, reservations and restrictions set forth in the Randolph-Austin deed are not void *ab initio* on the ground they are repugnant to the granting, habendum and warranty clauses of said deed. We express no opinion as to whether these conditions, reservations and restrictions or any of them are void on *other grounds.* Neither do we express any opinion as to whether these conditions, reservations and restrictions, or any of them, are presently enforceable by defendants herein or other persons. These matters are for determination in the first instance in the superior court. Upon further hearing, all factual matters relevant to a proper decision should be brought to the attention of the court.

Appeal dismissed.